## STEPHEN GREER v. THE STATE.

Where a section of a statute is amended, and the amendment is made in such terms that it stands in the stead of the said section, and by a subsequent Act, the said section of the original statute is expressly repealed, the amendment, which was made to stand in its place, is thereby repealed.

An offence may be punished, either under the law in force at the time it was committed, or under the law in force at the time of the trial, if this mitigated the punishment; or perhaps, in the absence of express provision, according as the accused might elect, to be tried and punished, under the law in force, when the offence was committed, or under the law in force at the time of the trial.

But when a law, which describes an offence, and prescribes for its punishment, is repealed, and there is no law in force recognizing the offence, and providing for its puishment, then no one can be punished for that offence, although the act was done at a time when the law defined the offence, and prescribed its punishment; for no one can be punished, except by virtue of a law in force at the time of the trial of the offender.

APPEAL from Brazos. Tried below before the Hon. John Gregg.

Appellant was indicted on the 4th of September, 1856, for permitting, on the 1st day of January, 1856, a slave, owned by him and under his control, to carry fire arms, at other places than on his premises.

The facts are stated in the opinion.

*Rogers*, for appellant.

*Attorney General*, for appellee.

BELL, J. The 6th section of the act of February 5th, 1840, entitled "An Act concerning slaves," prohibited slaves from carrying fire arms in the Republic, without the written consent of the master, mistress, or overseer. This was the first statute on the subject in Texas. It did not make the carrying of fire arms by a slave, without the written consent of the master, mistress or overseer, an indictable offence. It only provided

that the fire arms, or other weapons, might be taken away from the slave, and that the same might be forfeited, if they did not exceed ten dollars in value, &c.   On the 3d December, 1850, there was an Act approved, amending the 6th section of the act of 5th February, 1840.   This was done in such manner that the amendment of the 3d December, 1850, stood in the stead of the 6th section of the act of February, 1840.   This amendment made it an indictable offence for any owner, overseer or employer of slaves, under his control or in his employment, to permit such slave or slaves to carry fire arms of any description, or other deadly weapons, at other places than on the premises of such owner, overseer or employer.   And it was, doubtless, upon the amendment of the 3d of December, 1850, that the indictment in this case was founded.

On the 30th of August, 1856, an Act was passed, which was entitled "An Act to prevent slaves from carrying guns, or other dangerous weapons."   This last Act repealed, by express provision, the 6th section of the Act of the 5th of February, 1840.   The 6th section of the Act of 5th February, 1840, had in fact been repealed, or abrogated, by the amendment of the 3d of December, 1850; and the amendment of the 3d of December, 1850, had become, by its terms, the 6th section of the Act of 5th February, 1840; so that the law of the 30th August, 1856, in point of fact, repealed the amendment of the 3d of December, 1850.

The law of the 30th of August, 1856, did not make it an indictable offence to permit slaves to carry fire arms, either on or off the premises of the owner, overseer or employer.

The indictment, in this case, was found by the grand jury of Brazos county, in September, 1856.   At the time the indictment was found, the act, of which the defendant is accused by the indictment, was not, by any law then in force, an indictable offence, and there was no law by which the defendant could be punished. If any law, in force at the time of finding the indictment, had made the act of which the defendant is accused an indictable offence, then the offence, committed while the former law was

in force, could have been punished, either under the law in force at the time the offence was committed, or under the law in force at the time of the trial, according as the law in force at the time of the trial mitigated the punishment for the offence or not; or perhaps, in such case, and in the absence of express provision, according as the accused might make election to be tried and punished, under the law in force when the offence was committed, or under the law in force at the time of the trial. But when a law, defining an offence and prescribing its punishment, is repealed, and there is no law in force recognizing the offence, and providing for its punishment, then no one can be punished for that offence, although the act, constituting the offence, was done at a time when the law defined the offence, and prescribed its punishment; and this, for the obvious reason, that no one can be punished except by virtue of a law in force as to the offence in question, at the time of the trial of the offender.

There was an exception to the indictment in this case, on the ground that, when the indictment was found by the grand jury, the act of which the defendant was accused, was not an indictable offence. The court overruled the exception. There was also a motion for a new trial, on the ground, (among others) that the court erred in overruling the exception to the indictment.

There was error in the proceedings and judgment of the court below. The judgment of the court below is therefore reversed; and because the indictment does not allege any offence against the laws in force, at the time it was found by the grand jury, the cause is dismissed.

Reversed and dismissed.