THOMAS MAXWELL v. THE STATE OF TEXAS.

A recognizance is defective which recites that defendant shall "appear from day to day, and from term to term, and abide the decision of the Supreme Court, and not depart without leave," without stating when and where he shall appear.

APPEAL from Lamar. Tried below before the Hon. R. H. Taylor.

At the November term, 1872, of the District Court of Lamar county, the defendant was convicted of an aggravated assault, and appealing to the Supreme Court, entered into recognizance as follows:

"I, Thomas Maxwell, acknowledge myself bound to pay the State of Texas the sum of two hundred and fifty dollars, to be levied of my goods and chattels, lands and tenements; and I, Thomas Maxwell, as principal, and Sam. W. Mason and J. R. Griffin, as sureties, acknowledge ourselves bound to pay to the State of Texas the sum of two hundred and fifty dollars, to be levied of our goods, chattels, lands and tenements, jointly and severally; conditioned that, whereas, the said Thomas Maxwell was tried and convicted of an aggravated assault, unlawfully, willfully, and with intent to do great bodily harm to and upon the person of one J. J. Vessels, and his punishment assessed at a fine of one hundred dollars; and whereas, the said Maxwell filed his motion for new trial, which was by the court overruled, to which ruling the defendant excepted, and gave notice of appeal to the Supreme Court of the State of Texas: Now, should the said Thomas Maxwell appear from day to day and from term to term, and abide the decision of said court, and not depart without leave, then this recognizance to be void; otherwise to be and remain in full force and virtue."

*Maxey, Walton & Green*, for appellant.

*Attorney-General*, for appellee.

OGDEN, J.—The appeal in this case must be dismissed for the want of a sufficient recognizance.

By the terms of the recognizance the defendant is not

bound to appear before any particular court, or at any particular place, to abide the judgment and decision of the Supreme Court. A recognizance so defective is wholly insufficient to give this court jurisdiction of the case. It is a matter of no little astonishment that the clerk and officers of the courts, who have, or should have, the statute before them, where a form for such a record is prescribed, should so fatally vary from the requirement of the statute. The appeal is dismissed.

REVERSED AND DISMISSED.