THE STATE v. JACK CLAYTON.

1. INDICTMENT——CARRYING DEADLY WEAPONS.——An indictment which charges one with carrying a deadly weapon, and alleges that he was neither a peace officer nor a policeman, negatives the existence of the exception in his case which would have existed had he been a civil officer.

2. INDICTMENT.—Such an indictment, if it alleges that at the time charged the defendant carried the deadly weapon *on his* person, negatives the existence of the exception created by statute in favor of one traveling in the State and carrying arms with his baggage.

3. INDICTMENT.—An indictment charging an offense created by a statute which excepts from its operation those who, under circumstances specified, do the act which would otherwise be penal, must show by negative averments that the defendant is not within any of the exceptions mentioned in the statute.

ON REHEARING.

4. GOVERNOR'S PROCLAMATION—CARRYING DEADLY WEAPONS.— The power of the Governor to exempt certain counties from the operation of the law against carrying deadly weapons is not exhausted as to the inhabitants of a particular county by the issuance of his proclamation exempting them from the operation of the law, but he may, by a second proclamation, revoke the first and make such county again subject to the operation of the law.

APPEAL from Lampasas. Tried below before the Hon. E. B. Turner.

The 1st section of the act of April 12, 1871, which makes it an offense for one to carry deadly weapons, except in the lawful defense of the State, or when fearing, from reasonable grounds, an unlawful attack, or unless one be a militiaman on duty, or a peace officer or policeman, closes with the following proviso: "*Provided*, That this section shall not be so construed as to prohibit any person from keep-

ing or bearing arms on his or her own premises or at his or her own place of business, nor to prohibit sheriffs or other revenue officers and other civil officers from keeping or bearing arms while engaged in the discharge of their official duties, nor to prohibit persons traveling in the State from keeping or carrying arms with their baggage; *Provided further*, That the members of the Legislature shall not be included under the term 'civil officers,' as used in this act."

The 4th section of the same act is as follows: "Sec. 4. This act shall not apply to nor be enforced in any county of the State which may be designated in a proclamation of the Governor as a frontier county, and liable to incursions of hostile Indians."

The Governor issued his proclamation on the 13th of April, 1871, exempting the county of Lampasas, where the offense is charged to have been committed, from the operation of the law. Afterwards, on the 10th of February, 1873, the Governor issued another proclamation revoking the first, and declaring that the county of Lampasas was subject to the provisions of the act. The offense was charged to have been committed on the 27th of December, 1873.

*George Clark, Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—This is an indictment against Jack Clayton, charging him with a violation of the act of April 12, 1871, to regulate the keeping and bearing of deadly weapons.

The indictment charges that Clayton did "unlawfully carry on and about his person a certain pistol, he then and there having no reasonable grounds for fearing an unlawful attack on his person, nor was he then and there either a militiaman in actual service, or a peace officer, or a policeman, nor was he then and there on his own premises or at his own place of business."

The court sustained the defendant's motion and quashed the indictment on the ground that it discloses no offense known to the laws of this State. The district attorney excepted, and gave notice of appeal.

The only question in the case is as to whether or not the indictment is sufficient as charging an offense under the first section of the act referred to above.

In the case of Duke *v.* The State, decided at Galveston at the last term, we held that the indictment must show by negative averments that the defendant is not within any of the exceptions of the statute applicable to the particular violation complained of. It was further said in that case that substantial compliance with the statute was all that was required.

We are of opinion that the indictment is sufficient as charging the offense of carrying a pistol on the person. It negatives that the defendant had any reasonable grounds for fearing an unlawful attack on his person, or that he was carrying the pistol for the lawful defense of the State as a militiaman, or as a peace officer or policeman, or that he was on his own premises, or at his own place of business. The exception in favor of civil officers is embraced by the averment that the defendant was not a peace officer or policeman. So the averment that the defendant carried the pistol on or about his person implies a denial that it was kept or carried with his baggage.

The judgment is reversed and case remanded.

## On Rehearing.

ROBERTS, CHIEF JUSTICE.—The judgment was reversed in this case at a former day of the term, since which time it has been communicated to us that the indictment was set aside by the court below on exceptions, not for any defect in it, but because the county of Lampasas was exempt from the operation of the law relating to the carrying of firearms, under which the indictment was found; that it

having been exempted by the proclamation of the Governor, issued in April, 1871, in pursuance of the statute creating the law, the power given to the Governor by the law was completely performed and exhausted by that act, and his subsequent proclamation, in February, 1873, revoking the exemption of that county, and requiring thenceforward the enforcement of the law therein, was null and void, and could not have the effect of removing the exemption once made, and that therefore the law was not in force in Lampasas county.

The clause of the law of 1871 relating to the power and action of the Governor as to the exempting of certain counties from its operation, is as follows:

"This act shall not apply to nor be enforced in any county of the State which may be designated in a proclamation of the Governor as a frontier county, and liable to incursions of hostile Indians." (Paschal's Dig., art. 6515.)

Without this clause the law would certainly be in force in Lampasas county as well as in any other.

If the Legislature can confer such a power on the Governor to designate by his proclamation certain counties in which prosecutions for infractions of this law shall not be instituted and maintained in the courts, on account of the incursions of Indians, it is but carrying out the spirit and object of the law for him to continue to exercise that power of designation from time to time, accordingly as the reason and necessity for its exercise may or may not exist during the existence of the law. The discretion is vested in the Governor to designate the exempted counties, without any express limitation, either in the number of proclamations or the times of issuing them, or the manner in which the exemption shall be made in the proclamation.

It therefore may be done by a proclamation revoking the exemption, where the necessity for it has, in his judgment, ceased to exist, as well as by a new designation of

exempted counties in a proclamation which left the county of Lampasas out of the list.

We conclude, then, that the law was in force in Lampasas county when this indictment was found, and that there is no reason found in the matters called to our attention for changing the judgment already rendered in this case.

REVERSED AND REMANDED.