BEN SHEPPARD *v.* THE STATE.

1. REPEAL OF A PENAL LAW.—In March, 1876, appellant was convicted, under Article 2408 of Paschal's Digest, of theft from a house, and his punishment was assessed at two years in the penitentiary. Pending his appeal from the judgment the legislature, on the 21st of August, 1876, repealed said Article, without saving past offenses or pending prosecutions. *Held*, under Article 1617, Paschal's Digest (Penal Code, Art. 15), that the repealing act exempts the appellant from punishment, and necessitates a dismissal of the case.

2. INDICTMENTS for theft must allege a value to the articles stolen.

APPEAL from the District Court of Houston.  Tried below before the Hon. R. S. WALKER.

*Moore & Spence*, for the appellant.

*W. B. Dunham*, for the State.

ECTOR, Presiding Judge.  On the 11th day of September, 1874, the appellant was indicted for the theft of a bridle and pair of martingales from a house.  He was tried at the March term, 1876 ; the jury found him guilty, and assessed his punishment at two years in the penitentiary.  Article 764, under which the prosecution was had, reads as follows :

"Art. 764.  If any person shall steal property from a house in such manner as that the offense does not come within the definition of burglary, he shall be punished by confinement in the penitentiary not less than two nor more than seven years."

The above Article was repealed by the legislature of the state, to take effect August 21, 1876, and in the repealing act there was no saving clause as to offenses already committed or prosecutions then pending.  The repealing act, published in the general laws of the fifteenth legislature, on page 233, is as follows :  " Sec. 1.  Be it enacted by the legislature of the state of Texas, that Article 764 of an act entitled 'An act to establish a penal code for the state of Texas, approved August 28, 1856, be, and the same is hereby, repealed.' "  Article 15 of the Criminal Code provides that " the repeal of a penal law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute."

Our supreme court, in the case of *Greer* v. *The State*, 22 Texas, 588, say :  " When an act defining an offense and prescribing its punishment is repealed, and there is no law

in force recognizing the offense and providing for its punishment, then no one can be punished for that offense, although the act constituting the offense was done at a time when the law defined the offense and prescribed its punishment; and this is for the obvious reason that no one can be punished except by virtue of a law in force as to the offense in question at the time of the trial of the offender."

In the case of the *Commonwealth* v. *O. Marshall* the supreme court of Massachusetts say: "It is clear that there can be no legal conviction for an offense unless the act is contrary to law at the time it is committed; nor can there be a judgment unless the law is in force at the time of the indictment and judgment. If the law ceases to operate by its own limitation, or by a repeal, at any time before judgment, no judgment can be given."

It seems to us equally clear that when a penal law is repealed pending the action of an appellate court, and before final action of that court upon the case, the prosecution must be dismissed.

In the case of *Wall* v. *The State* our supreme court used the following language: "The general principle is admitted that, if the law which created the offense is repealed, after the repealing law takes effect no further proceeding can be taken under the repealed law to enforce the punishment." "The principle is held to apply as well to the proceeding upon appeal in the appellate court as to the court having original cognizance of the offense, and as well when the repeal took effect after the removal of the cause to the appellate court as before." 18 Texas, 682.

In the case of *Eaton* v. *The United States* a vessel had been condemned in admiralty, and, pending an appeal, the act under which the condemnation was declared was repealed. The court held the penalty could not be enforced. Marshall, chief justice of the supreme court of the United States, in delivering the opinion, says: "The cause must be con-

sidered as if no sentence had been pronounced; and if no sentence had been pronounced, then, after the expiration or repeal of the law, no penalty could be enforced, or punishment inflicted, for a violation of the law committed when it was in force, unless some special provision of the statute was made for that purpose." 5 Cranch, 281. See, also, 12 La. An. 593; 17 La. An. 82; 12 Md. 322.

Judge Cooley, in his great work on Constitutional Limitations, says: "If a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered." Cooley's Const. Lim. 381, and note 5, and the authorities there cited.

There is no value of the bridle and martingales, alleged to have been stolen, given in the indictment. The indictment is not a good one for theft against the defendant.

The judgment of the court below is reversed and the cause dismissed.

*Reversed and dismissed.*