## FRANK LEWIS v. THE STATE.

1. DEADLY WEAPONS.—The act of April 12, 1871, "to regulate the keeping and bearing of deadly weapons," was not enacted to prohibit the keeping and bearing of the weapons therein mentioned, but merely to regulate the manner in which they are to be carried and used. The carrying of a pistol is not of itself a violation of the act, but becomes such when carried in a manner and under circumstances prohibited thereby.

2. SAME.—The said act prohibits a horse-back traveler from carrying a pistol in his hands, or belted around him, unless he is exempted from the penalties of the act by some other exception than that relating to persons traveling.

APPEAL from the Criminal Court of Paris, in the county of Lamar. Tried below before the Hon. J. Q. CHENOWITH.

The opinion discloses the material facts.

*Bennett, Ballinger & Bennett*, for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J. The indictment charges, " that, on the 16th day of January, one thousand eight hundred and seventy-six, in the county of Lamar, in said state of Texas, with force and arms, one Frank Lewis did unlawfully carry about his person a certain pistol; the said Frank Lewis, at the time and place aforesaid, had no reasonable grounds for fearing an unlawful attack on his person, and that said attack was immediate and pressing; and, at the time and place aforesaid, the said Frank Lewis was not carrying said pistol about his person for the lawful defense of the state, as a militiaman in actual service, nor was he a peace officer, or a policeman engaged in the lawful discharge of his official duties; and that the said Frank Lewis, at the time and place aforesaid, was not a sheriff engaged in the lawful discharge of his official duties, nor was he a civil officer of any

kind whatsoever; and the said Frank Lewis, at the time and place aforesaid, was not on his own premises nor at his place of business, and at the time and place aforesaid the said Frank Lewis was not a traveler in this state.''

The defense relied upon in the court below—as far as we can determine from the character of the evidence introduced, and from the charge of the court as given to the jury, and the charges asked by the defendant's counsel and refused by the court, and from the argument before this court—was that it is not an offense against the law for an individual, being a traveler in this state, to carry a pistol on or about his person.

On the trial below, the defendant's counsel requested the court to instruct the jury as follows:

'' The court instructs the jury that, if they believe from the evidence that the defendant, Frank Lewis, was traveling at the time he was seen with the pistol, then he was authorized to carry arms about his person, and he was not compelled to carry his arms in his baggage.    2d. A person traveling on horseback usually carries his baggage in saddle-bags or pockets, and he is not compelled to carry his arms in his saddle-bags, where, upon an emergency arising, he would be unable to use it.''

This charge was refused, and the court charged the reverse, as follows:

'' Although you may believe from the evidence the defendant was a traveler, if at the same time you believe from the evidence that the pistol was carried upon the person of the defendant, if not otherwise exempted from the penalties of the law, the fact that he was a traveler will be no exemption, and you will find your verdict accordingly.''

To this charge the defendant's counsel took a bill of exceptions.

The refusal to give the charges asked by the defendant,

and the correctness of the charge as given and excepted to, are among the grounds set out in the motion for new trial ; and, together with the ruling of the court refusing a new trial, are assigned as error.

The indictment is based upon the act of April 12, 1871, entitled, "An act to regulate the keeping and bearing of deadly weapons," the first section of which makes it a misdemeanor for any person to carry on or about his person, saddle, or in his saddle-bags, any pistol, or other weapon mentioned in the section, "unless he has reasonable grounds for fearing an unlawful attack on his person, and that such ground of attack shall be immediate and pressing ; or unless having or carrying the same for the lawful defense of the state, as a militiaman in actual service, or as a peace officer or policeman ;" with the *proviso* "that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business, nor to prohibit sheriffs, or other revenue officers, and other civil officers, from keeping or bearing arms while engaged in the discharge of their official duties, nor to prohibit persons traveling in the state from keeping or carrying arms with their baggage."

In *Maxwell* v. *The State*, 38 Texas, 171, it was held "that the act to prohibit the carrying of deadly weapons was not intended to prevent persons traveling in buggies or carriages upon the public highway from placing arms in their vehicles and carrying them from place to place for an innocent purpose. We can hardly conceive that a traveler would be compelled to lock up his arms in his trunk or valise, where they would be useless to him if attacked."

This case, and the reasoning of the court, are relied on as being decisive of the present case. The case of Maxwell, however, was unlike the present. There, it seems, the accused was carrying his pistol in his buggy, whilst in the

present case one witness says he "saw the defendant with a pistol in his hand." Another witness says "he had a pistol belted round him; it was carried in the usual way such pistols are carried." These witnesses are uncontradicted. Neither the decision nor the reasoning in that case apply to this.

The statute prohibits all persons, except those exempted from its penalties therein, from carrying a pistol, or the other weapons named, either on or about his person, or saddle, or in his saddle-bags. It does not, however, "prohibit persons traveling in this state from keeping or carrying arms with their baggage." The statute is not intended to prevent keeping and bearing arms, but merely to regulate the manner in which they are to be carried and used.

In the cases of *The State* v. *Duke*, 42 Texas, 455, and *The State* v. *Clayton*, 43 Texas, 410, the provisions of the statute in question seem to have been more fully discussed and maturely considered than had previously been done before the court of last resort in Texas. In the latter case the indictment was similar to the one now under consideration. The indictment was quashed in the district court, and the state appealed, when the judgment of the district court, quashing the indictment, was reversed and the cause remanded.

Reeves, J., delivering the opinion of the court, says: "In the case of *Duke* v. *The State*, we held that the indictment must show, by negative averments, that the defendant is not within any of the exceptions of the statute applicable to the particular violation complained of. It was further said in that case that substantial compliance with the statute was all that was required." The rehearing in that case was on a proposition not made by the record in this case.

In *The State* v. *Duke* the law was held to be constitutional. The rule requiring the indictment to state the negative conditions mentioned, and the reasons therefor,

were laid down with care, and it was then said, " the reason of this rule is that such exceptions constitute a part of the description of the offense, and, unless they are negatived, no offense is stated. See the case and authorities cited.

The carrying of a pistol is not of itself an offense against the law, but the act becomes an offense against the law whenever it is carried in the manner and under the circumstances prohibited by the statute.

The court correctly charged the jury that, if the defendant was not otherwise excepted from the penalties of the law, the fact that he was a traveler would not excuse him, and did not err in refusing the charges asked on behalf of the defendant, or in refusing a new trial.

The judgment of the criminal court of the city of Paris is affirmed.

*Affirmed.*