## HENRY HUBBARD *v.* THE STATE.

1. REPEAL OF PENAL LAW.—When a law defining an offense and prescribing a penalty therefor has been repealed by an act which provides no saving clause for such offenses already committed, convictions for such offenses pending on appeal must be set aside.

2. SAME—THEFT FROM A HOUSE.—The act of August 21, 1876, repealed Article 764 of the Penal Code, which defined and punished theft from a house as a specific offense, and the repealing act provides no saving of prosecutions pending for violation of said Article. A conviction under said repealed Article pending in this court on appeal is set aside in the present case.

3. REMAND FOR TRIAL IN SUCH CASES.—The indictment in this case being sufficient to charge simple theft, the cause is remanded to the court below. (But see *Montgomery* v. *The State, post,* 618, overruling this disposition of convictions for theft from a house pending in this court, and holding that the repealing act of 1876, in connection with Article 15 of the Penal Code, exempts such offenders from further prosecution.)

4. CHARGES OF THE COURT in felony cases must be signed by the presiding judge.

APPEAL from the District Court of Dallas. Tried below before the Hon. N. M. BURFORD.

The opinion states the case.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

ECTOR, P. J. The defendant was indicted on June 16, 1876, in the district court of Dallas county, charged with

the theft from a house of a gold watch of the value of $200, and of a gold watch-chain of the value of $50, the property of J. T. Humber. The case was tried on July 11, 1876, and the jury found the defendant guilty, and assessed his punishment at three years' confinement in the penitentiary.

The charge of the court, as copied in the transcript, does not appear to have been signed by the district judge who presided at the trial. The law requires that the charge of the court in all felony cases shall be in writing, shall be certified by the judge, and, in case of appeal, constitute a part of the record of the cause. Pasc. Dig., Art. 3062. It is sufficient if the charge is signed by the judge, as he is acting under his oath of office, without certifying further to it.

In what purports to be the instructions of the judge to the jury there is an attempt to charge the law applicable to the offense of theft from a house, under Article 764 of the Penal Code. This Article of the Penal Code was repealed by the act of August 21, 1876, and there was no saving clause in the repealing act for offenses already committed. See Acts Fifteenth Legislature, 233.

When a law defining an offense and prescribing a punishment therefor has been repealed, in all cases pending in the appellate court for a violation of that act when in force the judgments rendered therein must be reversed. This question was examined at some length in the case of *Sheppard* v. *The State*, 1 Texas Ct. of App. 522, and reference is here made to the opinion of the court and the authorities therein cited.

The indictment in the case at bar is a good one for simple theft. The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*