## Louis Halfin *v.* The State.

Immunity by Repeal of Penal Law — Local Option. — The repeal of a penal law, when the repealing statute substitutes no other penalty, exempts from punishment all persons who have offended against the provisions of such repealed law, unless it be declared otherwise in the repealing statute. Wherefore, in a county which adopted, and has since rescinded, the local-option law of 1876, there is no legal authority for the punishment of persons who sold liquor in the county while it sustained the local-option law.

APPEAL from the County Court of Caldwell. Tried below before the Hon. E. H. ROGAN, County Judge.

The appellant was convicted in the County Court of Caldwell County of having sold spirituous liquors, the "local-option law" being then in force in said county. It appears from the record that, since the institution of this prosecution before the County Court, another election upon the question of repealing the local-option law or continuing it in operation in said county was held, which resulted against the law. The defence claimed immunity from prosecution, claiming that the repeal of the local-option law by the last election relieved him, and the opinion of this court is directed to that point.

*Nix & Story*, and *Stringfellow & McNeal*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant is prosecuted by information in the County Court, and was convicted on a charge of having violated the provisions of the act of the Legislature of 1876 entitled "An act to prohibit the sale, exchange, or gift of intoxicating liquors in any county, justice's precinct, city, or town in this State that may so elect; prescribing the mode of election, and affixing a punishment for its violation,"— commonly known as the local-option law. Acts 1876, p. 26.

It is not disputed that, prior to the alleged commission of the offence charged against the appellant, Caldwell County had, by vote in accordance with the provisions of the act, declared that liquors should not be sold in the county except as authorized by the act aforesaid. But it is insisted on behalf of the appellant that, since this prosecution was com-

menced, another election has been held in the county under the provisions of the act in question, by which it was determined that the act should no longer be enforced so as to prohibit the sale of liquors in the county ; and that the effect of this last election is to relieve from prosecution and punishment those who had, prior thereto, been accused of violating its provisions.

It is provided, in the third section of the act, for the holding of a special session of the Commissioners' Court, for the purpose of opening the polls and counting the votes, and directing that " if a majority of the votes cast are *for prohibition*, said court shall immediately make an order declaring the result of said vote, and absolutely prohibiting the sale of intoxicating liquors within the prescribed bounds ( except for the purposes specified in section 1 of this act) until such time as the qualified voters therein may, at a legal election held for the purpose, by a majority vote decide otherwise." The section goes on to prescribe the manner of making publication of the result and the order of prohibition.

We are of opinion that the words in the third section, " *until such time as the qualified voters therein may, at a legal election held for the purpose, by a majority vote decide otherwise*," must be construed as an authority giving the voters interested an opportunity to decide — after the expiration of twelve months, mentioned in the fourth section — by vote whether the prohibition named in the first section shall be longer continued or not, and that a majority vote at this second election would annul, from the time it is held and the result declared and published, the prohibition provided for in the first section of the act.

It being made to appear that the second election contemplated in the act has been held, and that it has resulted in a majority vote against prohibition, we are of opinion that there is no law now in force in Caldwell County by which

persons who may be charged under the act can lawfully be punished.

" The repeal of a penal law, when the repealing statute substitutes no other penalty, will be held to exempt from punishment all persons who have offended against the provisions of said repealed law, unless it be declared otherwise in the repealing statute." Penal Code, art. 15 (Pasc. Dig., arts. 16, 17); *Montgomery* v. *The State*, 2 Texas Ct. App. 618.

There being no law now in force in Caldwell County to punish offenders against the local-option law, since its annulment by the second vote of the county against prohibition, the judgment will be reversed and this prosecution will be dismissed.

*Reversed and dismissed.*