## J. A. CHAPLIN *v.* THE STATE.

1. JURISDICTION OF COUNTY COURTS. — It is settled by previous adjudications that the County Courts have jurisdiction, concurrent with Justices' Courts, of all misdemeanors cognizable by the latter courts.

2. CONTINUANCE. — Service of a subpœna on a witness who resides in a different county than that of the forum is not due diligence. Attachment is the process requisite for such a witness.

3. SAME — IGNORANCE OF LAW. — Being charged, under art. 6512, Paschal's Digest, with unlawfully carrying a pistol about his person in the county of B., the defendant sought a continuance to obtain the testimony of an absent witness, by whom he expected to prove that, being a traveller, and ignorant whether said county was one of those in which said article was in force, he made inquiry of a citizen of the county, and was told that it was not; and that, relying on this information, he openly and innocently carried the pistol about his person. *Held,* that the object of the desired testimony was to prove ignorance of law, and as that could avail nothing as a defence, the desired evidence was immaterial. *Held further,* that the fact that said county had formerly been exempted from the operation of said article does not affect the question.

4. REPEAL — CARRYING WEAPONS. — Though the repeal of a penal law, even while a conviction under it is pending on appeal, ordinarily exempts the offender from punishment, such a result does not ensue if legislative intention has been otherwise declared. And as the Revised Penal Code and Statutes have amply provided against such an effect on pending prosecutions, the appellant, though a traveller, and his appeal pending when they took effect, derives no immunity from the provision of the Penal Code which exempts travellers from the operation of the law against carrying certain deadly weapons, and thereby to that extent repeals the enactment under which the conviction was had in this case.

APPEAL from the County Court of Brown. Tried below before the Hon. W. H. SCOTT, County Judge.

The appellant was prosecuted by information in the County Court of Brown County for unlawfully carrying a pistol about his person on July 26, 1878. In August, 1878, he was convicted, and a fine of $25 adjudged against him; and he appealed.

The material facts of the case are disclosed in the opinion. His application for a continuance alleges that the absent witness was a resident of Galveston, but was served with a subpœna in Brown County.

*Goodwin & Sadler*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J.　It has been held by this court, after full consideration of the various constitutional and statutory provisions relating to the jurisdiction of County Courts, that said courts are vested with jurisdiction, concurrent with courts of justices of the peace, to try and determine all cases of misdemeanor, save such as involve official misconduct, even though the penalty prescribed may be by fine of less than $200.　*Woodward* v. *The State*, 5 Texas Ct. App. 296; *Jennings* v. *The State*, 5 Texas Ct. App. 298; *Solon* v. *The State*, 5 Texas Ct. App. 301; *Leatherwood* v. *The State*, 6 Texas Ct. App. 244.　It follows, therefore, that appellant's plea to the jurisdiction was properly overruled, and that such action was not error.

The application for continuance by appellant was essentially defective in that the evidence sought could not have been material on the trial of the cause, and because no diligence was shown.　The application shows that the absent witness resided in the county of Galveston, and that appellant had caused him to be served with a subpœna by the deputy-sheriff of Brown County about one month before trial.　It was requisite under the law that appellant, if he desired this testimony, should apply for and obtain an attachment for the witness; failing in which, he cannot complain of the action of the court in refusing his motion. Pasc. Dig., arts. 2908, 2987.

Appellant proposed to prove by the absent witness, substantially, that he was travelling in the frontier counties of the State, which were exempt by proclamation of the governor from the operation of the act regulating the carrying of arms, and that, on approaching the town of Brownwood, he inquired of some unknown person "whether or not the pistol-law was in force in (this) Brown County," and the reply of said unknown citizen was "that it is not;" that,

never having seen the proclamation of the governor, and relying upon said information, he wore the pistol openly upon his person, and rode into the town of Brownwood. It may be stated here that testimony to the same effect was admitted at the instance of appellant, and over the objection of the State's counsel, on the trial of the case.

The object of this testimony, as fully disclosed in the record and in the briefs of counsel, was to sustain appellant's defence that he, at the time of carrying the pistol, was laboring under a mistake of fact, and that such mistake did not arise from a want of proper care on his part. Pasc. Dig., arts. 1649, 1650. We cannot concur with counsel in their ingenious presentation of this argument, but are of opinion that if appellant was laboring under any mistake at all, it was a mistake of law, and not of fact. The peculiar provisions of the act of 1871, under which this conviction was had, allows it to become operative or inoperative in counties liable to Indian incursions, at the discretion of the governor. That officer is authorized to designate by proclamation such counties on the border as are liable to such incursions, and upon such designation the provisions of the law became inoperative in those counties. As incursions cease, the same officer is authorized by proclamation to withdraw the exemption, and thereupon the statute becomes operative in the designated county as in other portions of the State. 2 Pasc. Dig., art. 6515; *The State* v. *Clayton*, 43 Texas, 410.

No distinction is perceived between the existence and operation of the law in a county once exempt from its operation, but which exemption is revoked, and that of any other public law. The citizen is bound at his peril to take notice of the law, and cannot be heard to excuse himself for its violation on the ground of ignorance. As well could he plead ignorance of the provisions of any other public statute in force. The court did not err in overruling appellant's motion for continuance, nor in refusing the instructions asked to the same effect.

Another question is presented in the supplemental brief of counsel, arising upon recent changes in the law regulating the keeping and bearing of deadly weapons. The provision in the original act of April 12, 1871, authorized persons travelling to keep or carry arms with their baggage. 2 Pasc. Dig., art. 6512. The Revised Penal Code, which took effect since this appeal was taken, provides that the inhibition against carrying arms shall not apply to persons travelling, and fails to prescribe that such persons must carry their arms with their baggage. Rev. Penal Code, art. 319. It is now insisted that as the record discloses that appellant was travelling, within the purview of the law, at the time the pistol was found upon his person, and as the law under which he was convicted is repealed, that the prosecution must abate. It is unquestionably true that if a statute defining an offence and prescribing its punishment is repealed pending a prosecution for that offence, no punishment can be inflicted for its commission, although the act constituting the offence was done at a time when the law defined the offence and prescribed its punishment; and it is equally well settled that such repeal pending proceedings in an appellate tribunal will operate with like effect. *Sheppard* v. *The State*, 1 Texas Ct. App. 522; *Hubbard* v. *The State*, 2 Texas Ct. App. 506; *Tuton* v. *The State*, 4 Texas Ct. App. 472; *Halpin* v. *The State*, 5 Texas Ct. App. 212; *Green* v. *The State*, 22 Texas, 588; *Wall* v. *The State*, 18 Texas, 682; *Ex parte McCardle*, 7 Wall. 506.

But the authorities cited, with many others that might be named, are uniform to the effect that, in case of such repeal, offences under the repealed law may still be punished if such has been the declared legislative intention. We are not left to conjecture as to the legislative intention in this matter, as that expression is unmistakable. The new Penal Code, which may be considered a part of the system of Revised Statutes, provides that " no offence committed, and no fine, forfeiture, or penalty incurred under existing laws, previous to the time when this Code takes effect, shall be affected by

the repeal herein of any such existing laws." Penal Code, art. 19. And out of abundant precaution it is further provided in the final title of the Revised Statutes, " that no offence committed, and no liability, penalty, or forfeiture, either civil or criminal, incurred prior to the time when any statute, or part thereof, shall be repealed or altered by the Revised Statutes, shall be discharged or affected by such repeal or alteration; but prosecutions and suits for such offences, liabilities, penalties, or forfeitures shall be instituted and proceeded with in all respects as if such prior statute, or part thereof, had not been repealed or altered, except that, where the mode of procedure or matters of practice have been changed by the Revised Statutes, the procedure had after the Revised Statutes shall have taken effect, in such prosecution or suit, shall be, as far as practicable, in accordance with the Revised Statutes. Rev. Stats. 718, sect. 6.

The judgment is affirmed.

*Affirmed.*