Opiniou by
White, P. J.
§ 58. Repeal of statute; rules in relation to. “ If a statute gives a new remedy, not repugnant to or inconsistent with the old one, the latter is not taken away, but parties have their election between the two. Eepeals by implication are not favored.” [Thouvenin v. Eodrigues, 34 Tex. 46S.] “Affirmations in statutes that introduce a new rule imply a negative of all that is not within the purview. [1 Kent Com. (5th ed.) 467 and note.] Affirmative words in a statute do sometimes, and it is believed where the public is concerned in the performance of official duties they do always, imply a negative of what is not affirmed as strongly as if expressed. [Id.] And where a statute limits a thing to be done in a particular form, it includes in itself a negative, viz., that it shall not be done otherwise. Again, if a subsequent statute be not repugnant in all its provisions to a prior one, yet if the latter statute was clearly intended to prescribe the only rules which should govern, it repeals the prior one. So a subsequent statute revising the subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. And where a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not revived from *49 construction, bub are to be considered as annulled. It undoubtedly is true that a construction which repeals former statutes by implication is not to be favored; and it is also true that statutes in pari materia and relating to the same subject are to be taken and construed together; because it is to be inferred that they had one object in view, and were intended to be considered as constituting one entire and harmonious system. But where the new statute in itself comprehends the entire subject, and creates a new, independent and entire system respecting that subject-matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject-matter.” [Bryan v. Sundberg, 5 Tex. 423; Stirman v. The State, 21 Tex. 734; Wade on Retroactive Laws, §§ 291, 292.]
§ 59. Article 1$58, Revised Statutes, repealed. The act of April 10, 1883 [Gen. Laws, 18th Leg. p. 70], was intended to provide a new, entire, independent and complete system with regard to overcharges by railroads on freights and passenger fares. All that is necessary to be known about the matter, and all the proceedings pertaining to it, are fully provided for, declared and expressed, and it is not necessary in any particular to advert to the cld law, to make plain, to understand, or to supply deficiencies in the new one. Under the rules enunciated in the preceding section, it is held that article 4258 of the Revised Statutes, denouncing a penalty of $500 for overcharge in passenger fare, is, by necessary implication, repealed by the act of 10th April, 1883, relating to tlie same subject. The omission entirely of .this article in the new law was intended to annul it, or it would surely have been re-enacted, as was expressly done with regard to the $500 penalty for overcharge of freight. [Act April 10, 1883, § 7 (Gen. Laws, 18th Leg. p. 70); State v. Andrews, 20 Tex., 230.]
§ 60. Change of law, after appeal taken; effect of. But it is said, conceding the law to be repealed, that fact cannot affect plaintiff’s right to recover, because the injury *50 occurred, and his suit therefor was instituted, before the rep< ahng statute took effect, and that to make the repealing statute operative in this case would be to give it a retroactive effect, in contravention of the Bill of Rights. [Const, art.,I, sec. 16.] This position is fully answered by Mr. Cooley, who says: “The bringing of a suit vests in a party no right to a particular decision, and his case must be determined on the law as it stands, not when the suit was brought, but when the judgment was rendered. . . . And, even in those states where retrospective laws are forbidden, a cause must be tried under the rules of evidence existing at the time of the trial, though different from those in force when the suit, is commenced. And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered.” [Cooley, Const. Lim. (4th ed.) §§ 476, 477; Wall v. The State, 18 Tex. 696; Sheppard v. The State, 1 Tex. Ct. App. 522; Hubbard v. The State, 2 Tex. Ct. App. 506; Halpin v. The State, 5 Tex. Ct. App. 212.]
§ 61. Retroactive law; vested rights; penalties. This suit was brought by appellant, under article 4258, to recover the penalty denounced for an overcharge on passenger fare. It was brought before the act of April 10, 1883,. was enacted. It was contended that plaintiff’s right to the damages was an individual, personal right, which became vested, eo instanti, when the injury was done, and that it was beyond the power of the legislature to divest this right. Held: The rule which inhibits the legislature from interfering with vested rights means only such rights as spring from contracts or from the principles of the common law. It does not mean or embrace transactions or rights growing out of a tort, or actions in their nature ex delicto for a penalty. Mr. Wade, in his work on Retroactive Laws, says: ££ The constitutional restraints upon interference with vested rights, in whatever language expressed, are without exception as to the rights *51 of any particular class of persons; but, except where they prohibit ex post facto laws, they will be found to apply exclusively to proprietary rights; they do not include claims to penalties imposed by law, payable to private individuals, informers or otherwise. The rulings in this country are quite uniform that no man can have a vested right in a penalty.” [§ 16.] “Although a penal statute will not take effect retrospectively, the penalty fixed by the statute may be remitted or abolished, and the new law will affect cases where the penalty has already attached, as well as those which arise in the future.” [§ 240.] “When the statute ceased to exist, the right expired with it. Whatever may be done by a retroactive statute regulating procedure, abolishing the jurisdiction of the court, or changing or abrogating statutory remedies, may, when practicable, be accomplished by a repeal, without contravening constitutional provisions.” [§ 299; Engle v. Shults, 1 Mich. 150.]
December 8, 1883.
§62. “ Forfeit; ” statute construed. The word “forfeit,” used in article 4258, Revised Statutes, is to be regarded as signifying a punishment denounced for a violation of a law — a penalty; ánd a suit to recover under said article is a suit to recover a penalty. [Maryland v. R. R. Co. 3 How. (U. S.) 552; W. & W. Con. Rep. § 428.]
Affirmed.