## W. J. ETTER vs. MISSOURI PACIFIC R'Y CO.

### SUPREME COURT, TYLER TERM, 1883.

*Penalty for Overcharge of Passenger Fare—Repealed.* Article 4258 of the Revised Statutes was repealed by the Act of April 10, 1883. General Laws, 18 Leg. p. 70.

*Statutes giving new remedy.* If a statute gives a new remedy not repugnant to, or. inconsistent with the old one, the latter is not taken away, but parties have their election between the two.

*Repeal by Implication.* Repeals by implication are not favored, but a statute may be repealed by implication as held in this case.

*Same.* See this case for rules by which to determine the repeal of a statute by implication.

*Vested Rights—Retroactive Law.* The bringing of a suit vests in a party no right to any particular decision, and his case must be determined on the law as it stands, not when the suit was brought, but when the the judgment was rendered. And a cause must be tried under the rules of evidence existing at the time of the trial, although different from those in force when the suit is commenced. The constitutional prohibition against retroactive laws does not effect these rules.

*Change of Law after Appeal—Effect of.* When a case is appealed, and pending appeal, the law is changed, the appellate court must dispose of the case under the law in force when the decision is rendered.

*Retroactive Law—Vested Rights, with rule Defined.* The rule with regard to the inhibition of the legislature to interfere with vested rights means only such as spring from contracts, or from the principles of the common law. Rights growing out of torts are not embraced within the rule; nor any claims to penalties imposed by law. No person can have a vested right in a penalty.

*Same.* Whatever may be done by a retroactive statute regulating procedure, abolishing the jurisdiction of the court, or changing or abrogating remedies, may, when practicable, be accomplished by a repeal, without contravening the constitutional prohibition.

*"Forfeit" construed.* The word "forfeit," when used in a statute, is construed to mean a penalty, a punishment for violation of law. When used in a contract it is not to be construed as a penalty.

*Penalty—Repeal of Statute Denouncing.* Article 4258 of the Revised Statute denounced a penalty, and when it was repealed, the right to recover the penalty no longer existed.

Error from Hunt County.

*E. B. Lewis* for plaintiff in error.

*T. J. Campbell* for defendant in error.

Opinion by White, P. J.

By amendment to Article 4256 of the Revised Statutes passed at

the called sesson of the Seventeenth Legislature and approved Apl. 17, 1882, it is is provided that, "No railroad company shall demand or receive for transporting a passenger over its line of road exceeding three cents for each mile or fraction of a mile it may transport such passenger, &c. Called Sess. 17 Leg. p. 3, and by Art. 4258 Rev. Stats. it was provided that any railroad comprny violating Article 4256 should forfeit and pay to the party injured thereby the sum of five hundred dollars, to be recovered before any court having jurisdcition of that amount.

On the 14th day of February, 1883 plaintiff in error brought suit against the Missouri Pacific Railway Co. in the county court of Hunt county to recover an overcharge passenger fare of four cents, made, demanded, and received by defendant company's agent, and also to recover the $500 as damages or penalty therefor, denounced by the statutes. His petition alleges that he purchased a ticket to go from Greenville to Dixon, a station seven miles south of Greenville, and that he was required to pay 25 cents for said ticket which was four cents in excess of the amount for that distance allowed by law.

Defendant's company demurred generally and specially, claiming that the statute (Art. 4258)providing for a penalty in such cases, has been repealed, and that the plaintiff under the law as it now is has no right to recover said penalty; that the amount of overcharge was trifling and immaterial; and that the ninth section of the act of the 10th of April, 1883 (Gen's Laws of the 18th Legislature p. 70) providing that the minimum charge in no case shall be less than 25 cts. repeals the law imposing a penalty of $500 for overcharge of passenger fare and moreover deprives the plaintiff of his rights to recover the excess of four cents where only 25 cents had been charged.

The court sustained the exceptions to the petition in so far as they attacked plaintiff's rights to recover the penalty of $500, but overruled them in so far as they questioned plaintiff's right to recover the four cents overcharge, and rendered judgment in favor of plaintiff for the sum of four cents overcharge and the costs of suit. Plaintiff appeals from this judgment and claims that though the law affixing the penalty (Art. 4258) might have been repealed oy the subsequent statute, which is not conceded or admitted, still this subsequent statute could not be invoked to defeat, and it did not defeat his rights to a recovery of said penalty, because said last mentioned

statute was passed subsequent to the time of the infliction of the injury, after his right to the penalty had occurred, and after he had in fact brought his suit to recover it.

The statute which is contended operated and eff cted the repeal of the former laws was passed the 10th of April, 1883, two months after the present suit was instituted. It was entitled "an act to further provide for the regulations of railroad and trainsportation lines in the state of Texas, and to provide for the creation of the office of and appointment of a state engineer and his secretary and their salaries and duties; to prevent unjust discrimination and extortion in the rates charged for transportation of freight and passengers in this state, and to provide a mode of procedure thereto." Only two of the sections of this statute bear upon the questions before us, and we find them to read as follows, to-wit: "Sec. 9. The passenger fare upon all railroads in this state shall be three cents per mile, with an allowance of baggage to each passenger not to exceed one hundred pounds in weight, provided, however, that where the fare is paid to the conductor the rate shall be four cents per mile, except from stations where no tickets are sold, and that the minimum charge in no case shall be less than twenty-five cents; and provided further that when the passenger fare does not end in five or nought the nearest sum so ending shall be the fare; provided further that in no case shall children under ten years of age be charged a higher rate of fare than two cents per mile; provided further, railroads shall be required to keep their ticket offices open half an hour prior to the departure of trains and upon failure to do so they shall not charge more than three cents per mile."

Sec. 10. That direct and prompt remedies may be had and penalties enforced in case of violation of any laws herein named it is made the special duty of the Attorney General whenever information is filed with him by the state engineer or any other person, that any railroad company in this state has violated any provision of the laws of this state providing for the transportation of passengers or freight, or is unjustly discriminating in its charges for transportation against any person or place in this state, or is guilty of extortion in its charges for transportation against any person or place or is guilty of any extortion in its charges for transportation of passengers and freight or for improper condition of roadbed, track, bridges or other structures, cars, station-houses or platform, to give ten days notice in writing to

said corporation of said complaint and after an investigation of the matter he shall proceed to determine whether the matters complained of are violations of the law, and shall give notice to said company of his decision respecting the same, and if any such violations of the law are continued after the railroad company is so notified, or if the actual damages is not paid to the party aggrieved within ten days after such notification, he shall cause proceedings to be instituted against said railroad company or companies to recover the penalties provided by law; provided that nothing herein shall be construed to prevent any citizen of this state from bringing suit in his own name against any railroad or transportation company for discrimination in freight or passenger charges; provided further that the penalties prescribed by law for any overcharge shall not be recoverable unless the party aggrieved shall give notice thereof in writing to the railway company, or the agent, demanding or receiving the same, and said company shall fail within twenty days thereafter to refund to such aggrieved party the amount of such overcharge."

We have copied these sections with a view of showing the full scope and extent of the statute in its treatment of and provisions with regard to the subject. For it is to be noticed that it nowhere repeals in express terms existing laws on the subject, and if it has repealed them, then the repeal must arise from implication alone. "If a statute gives a new remedy not repugnant to or inconsistent with the old the latter is not taken away, but parties have their election between the two. Repeals by implication are not favored." Thouvenin vs. Rodrignes, 24 Tex. 468.

All the leading rules and tests by which one statute may or can effect the repeal of a former one by implication are so thoroughly collated and given in Bryan vs. Lundberg, 5 Tex. Repts., that we cannot present them more satisfactorily than by making a copious extract from Judge Wheeler's opinion. He says : "Affirmatives in statutes that introduce a new rule imply a negative of all that is not within the purview. 1 Kent. Com. 5 Ed. 477 and note.

Affirmative words in a statute do sometimes, and it is believed where the public is concerned in the performance of official duties, they do always imply a negative of what is not affirmed as strongly as if expressed (ib). And where a statute limits a thing to be done in a particular form it includes in itself a negative, viz : that it shall not be done otherwise. Again if a subsequent statute be not repug-

nant in all its provisions to a prior one, yet if the latter statute was clearly intended to prescribe the only rules which should govern, it repeals the prior ones. So a subsequent statute revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. And where a statute is revised or one act framed from another, some parts being omitted, the parts omitted are not revised by construction, but are to be considered as annulled * * * It undoubtbdly is true that a construction which repeals former statutes by implication is not to be favored; and it is also true that statutes in *pari materi* and relating to the same subject are to be taken and considered together. Because it is to be inferred that they had one object in view, and were intended to be considered as constituting one entire and harmonious system. But when the new statute in itself comprehends the entire subject, and creates a new, entire, and independent system respecting that subject matter it is universally held to repeal and supercede all previous systems and laws respecting the same subject matter. 5 Tex. Repts. pp. 423, 424. Stirman vs. State, 21 Tex. 724; Wade on Retraactive Laws §§ 291, 292. Now to apply these rules. It must be apparent from the title as well as body of the act of April 10th, 1883, as quoted above, that the legislative intent was to provide a new, entire, independent and complete spstem with regard to overcharges by railroads in freights and passenger fares. All that is necessary to be known about the matter and all the proceedings pertaining to it are fully provided for, declared and expressed, and it is not necessary in any particular to advert to the old law to make plain, understand or supply deficiencies in the new. Taking the rule as enunciated for our guide we must then declare that Article 4258 affixing a penalty of $500 for overcharge in passenger fare is repealed by necessary implication arising out of the Act of 10th of April, 1883. It is to our minds obvious that the intention by failing to mention or provide for it and the omission of it entirely in the new law was to amend it or it would surely have been provided for as was expressly done with regard to the $500 penalty for over freight charges which was retained and re-enacted. See Sec. 7 Act 17 of April 1883. State vs. Andrews, 20 Tex. R. 230. It must also be manifest that the law imposing a penalty for overcharge was certainly repealed where only

25 cents was the total amount charged, that being the minimum fixed by the present law and allowable in all cases for any distance no matter how short. It is totally repugnant to and inconsistent with the old law and must therefore necesarily operate to repeal it.

But it is said, conceding the law to be repealed, that fact cannot affect plaintiff's right to recovery for either the overcharged fare or the penalty, because the injury occurred and his suit was instituted before the repealing law was enacted, and that to make it invokable and operative would endow it with retroactivity in contravention of o the 16 sec. of the bill of rights of the state constitution, Art. I, which declares that no retroactive law shall be made. This position is fully answered by Mr. Cooley. He says : "the bringing of a suit rests in a party no right to a particular decision, and his case must be determined on the law as it stands, not when the suit was brought, but when the judgment was rendered * * * and even in those states in which retrospective laws are forbidden a cause must be tried under the rules of evidence existing at the time of the trial though different from those in force when the suit was commenced. And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered. Cooly on Const. Lim. 4 Ed. pp. 476, 477; Wall vs. State, 18 Tex. R. 696; Shepherd vs. State, 1 Tex. Ct. App. 522; Hubbard vs. State, 2 Tex. Ct. App. 506; Halfin vs.State, 5 Tex. Ct. App. 212.

Plaintiff's action was based upon an overcharge of fare, the amount received from him being only twenty-five cents, but when the case was tried the law had been changed so that a charge up to 25 cents could under no circumstances be an overcharge. Under the rule above stated plaintiff could not recover the penalty which could not possibly attach when there could be no overcharge. But it is said that plaintiff's right to the $500 damages was an individual personal right which became vested *eo in stanta* when the injury was inflicted, and that it was beyond the power of the legislature to divest its vested right in and to its recovery. The language of Art. 4258 is : "Any railroad which may violate any of the two preceding articles shall forfeit and pay to the person injured the sum of five hundred dollars."

Now the rule with regard to the inhibition of the legislature to interfere with vested rights means only such rights as spring from

contracts or from the principles of the common law—it does not mean or embrace transactions or rights growing out of a *tort* in the nature *ex delicto* for a penalty.

Mr. Wade in his work on Retroactive Laws thus states the rule of law. He says, "the constitutional restraints upon interferance with vested rights in whatever language expressed are without exceptions as to the rights of any particular class of persons; but except where they prohibit *ex post facto* laws they will be found to apply exclusively to proprietary rights; they do not include claims to penalties imposed by law payable to private individuals, informers or otherwise. The rulings in this country are quite uniform that no man can have a vested right in a penalty." Wade on Retroactive Laws, 16. Again the same author says in § 240 : "Although a penal statute will not take effect retrospectively the penalty fixed by the statute may be remitted or abolished and the new law will effect cases where the penalty has already attached as well as those which arise in the future." Again he says : "When the statute ceased to exist the right expired with it. Whatever may be done by a retroaative statute regulating procedure abolishing the jurisdiction of the court or changing or abrogating statutory remedies may, when practicable, be accomplished by a repeal without contravening constitutional prohibitions." § 299.

In Engle, Administrator vs. Shurts, 150, where the plaintiff sought to avoid himself of a defense and penalty growing out of a contract usurious when executed, the court says . "But before this bill was filed that part of the statute imposing the penalty for taking usurious interest was repealed without reservation or saving clause. In such case the penalty is gone."

But it is said the article 4258 does not provide for a penalty, that the language used is that any railroad which shall violate (the statute with regard to overcharges) shall forfeit and pay to the person injured thereby the sum of five hundred dollars," &c. In the State of Maryland vs. Baltimore & Ohio R. R. Co., Chief Justice Taney says : "And a provision as in this case that the party shall forfeit a particular sum in case he does not perform an act required by law has always, in the construction of statutes, been regarded not as a contract with the delinquent party, but as the punishment for an offense. Undoubtedly in the case of individuals the word "forfeit" is construed to be the language of contract because contract, is the only

mode in which one person can become liable to pay a penalty to another for a breach of duty or the failure to perform an obligation. In legislative proceedings however the construction is otherwise,and a forfeiture is always to be regarded as a punishment inflicted for the violation of some duty enjoined upon the party by law."

3 Howard U. S. Repts. p. 552. And this court in the case of I. & G. N. R. R. Co., and M. P. R'y. Co. vs. Pickard in construing this identical statute with regard to a suit for an overcharge of freights, say, "it is not an action for damages for breach of a contract, either express or implied nor for the enforcement of a contract, nor is it in any way founded or dependant upon or arising out of a contract, but is wholly independent of a contract. It is to recover a statutory penalty for a statutory wrong." White & Wilson's Con'd Repts. § 428.

Our conclusion of the whole matter is that Art. 4258 Rev. Stats. in providing a sum to be recovered by a party injured by being overcharged passenger fare simply denounced a penalty for a violation of the article fixing the rates of fare; that it was repealed by the Act of the 10th of April, 1883; that when the statute ceased to exist the right to the penalty expired with it, and that being a penalty imposed by law the legislature had a right to remit it. 3 How. U. S. 539.

The judgment of the lower court is affirmed.