## The State v. William W. Andrews.

The Act of 1850, which required appeals and writs of error to be returnable to the Austin Session, in all cases where land titles were involved and the State was a party, was repealed by the Act of 1856, which makes all appeals and writs of error returnable alike to the respective Sessions.

Where an amendatory Act of the Legislature reads that a certain Section of a previous Act shall hereafter read as follows, any provision of the previous Act, which is not found in the amendatory Act, is repealed.

Error from Cass. Tried below before the Hon. William W. Morris.

Suit by defendant in error, as assignee of Isaac A. Jones, to establish a certificate for a league and labor of land, recommended by the Travelling Board upon condition that when the boundary line between Texas and the United States should be run, said Jones should prove to have been a resident of Texas. Verdict and judgment for plaintiff. The Act of 28th August, 1856, referred to in the Opinion, took effect from its passage. Motion by defendant in error to strike the case from the docket.

*Attorney-General*, for plaintiff in error.

*S. F. Mosely*, for defendant in error.

WHEELER, J. The Act of the 30th of November, 1850, in its first Section, provided that " all cases where land titles are involved, taken up from the District Courts to the Supreme Court,

when the State of Texas is a party, shall be returnable to the Supreme Court holding its sessions at the city of Austin." (Laws of the 3d Legislature, Ch. 12, Sec. 1.) The Act of the 28th of August, 1856, amends the former Act by providing that its first Section " shall hereafter read as follows," &c., proceeding to re-enact some of its provisions, and among them that which makes causes determined in the county in which this cause was determined, returnable to the Court holding its session at Tyler ; but omitting the provision above quoted in respect to land causes in which the State is a party. The latter Act must be deemed a complete repeal of the first Section of the former, including, of course, the provision in question, under which causes of this description were formerly returnable to this branch of the Court. The petition in error in this case was filed on the 11th, and the citation served on the 23d of December, 1856, made returnable, in terms, and brought to this Court, when by law it was made returnable to the Court at Tyler at its last Session. The bringing of the case to this Court was, therefore, not only plainly without the authority of law, but against law. It is therefore improperly upon the docket, and must be stricken therefrom; and it is ordered accordingly.

Ordered accordingly.