## STATE VS. INGERSOLL.

Where a statute provides that a certain section of a former statute shall be "amended so as to read as follows," &c., any provision of such section not found in the new statute is repealed.

Section 5, chap. 35, R. S., was in effect repealed by chap. 147, Laws of 1862; and inasmuch as the repealing chapter contained no saving clause as to offenses committed before its passage, no person could thereafter be convicted and sentenced for an offense defined in said section 5 and committed while it was in force.

APPEAL from the Circuit Court for *Vernon* County.

The case is stated by the court.

*E. Wakeley*, for appellant, contended, among other things, that section 5, ch. 35, R. S., was repealed by implication by

ch. 147, Laws of 1862, because the two are inconsistent.*
Bishop on Crim. Law, 91 et seq.; *Commonwealth v. Kimball*,
21 Pick., 376; *Comm. v. Marshall*, 11 id., 350. The repeal of
a statute, or a change of the penalty, puts an end to the pow-
er of punishing offenses committed under it, unless there is a
saving clause. Bishop on Crim. Law, 103 et seq., and .95 et
seq.; *Taylor v. State*, 7 Blackf., 93; *Comm. v. Beatty*, 1 Watts,
382; *U. S. v. Passmore*, 4 Dallas, 347; *State v. Fletcher*, 1 R. I.,
193; *Attoo v. Comm.*, 2 Va. Cas., 282; *Comm. v. Leftwich*, 5
Rand., 657; *Anonymous*, 1 Wash. C. C., 84; *Howard v. State*,
5 Ind., 183; *Saco v. Gurney*, 34 Me., 14; *Comm. v. Duane*, 1
Binney, 601; *Jordan v. The State*, 15 Ala., 746.

*The Attorney General*, for the state :

Chap. 147, Laws of 1862, cannot and was not intended to
act upon offenses already committed. The court will presume
that it was not intended to be unconstitutional or retrospect-
ive. It could only have the effect to repeal the former act

---

*Section 5, ch. 35, R. S., reads as follows: "If any person shall vend, sell, or
in any way deal or traffic in, or, for the purpose of evading this chapter, give away
any spirituous, ardent or intoxicating liquors or drinks in any quantity whatsoever,
without first having obtained license therefor according to the provisions of this
chapter, he shall be deemed guilty of a misdemeanor, and, on conviction thereof,
shall be punished therefor by a fine of not less than ten nor more than forty dollars,
and costs of suit, to be paid within twenty-four hours after the same have been im-
posed upon him, (during which time he shall remain in the custody of the officers,)
or by imprisonment in the county jail of the proper county for the space of sixty
days, unless he shall be discharged therefrom before the expiration of said term,
by payment of the aforesaid fine and all costs and jail fees occasioned by his prose-
cution and imprisonment." Chap. 147, General Laws of 1862, declares that said
section "is hereby amended so as to read as follows;" then follow the same words
as in the original section down to the words "costs of suit," and the remainder
of the section reads as follows: "Or in lieu of such fine, by imprisonment in the
county jail of the proper county, not to exceed sixty days and not less than twenty
days; and in case of punishment by fine as above provided, such person shall, un-
less the fine and costs be paid forthwith, be committed to the county jail of the
proper county until such fine and all costs are paid, or until discharged by due
course of law; and in case of a second or any subsequent conviction of the same
person during any one year, the punishment may be both by fine and imprisonment,
in the discretion of the court."

(since there is no express repeal) by substituting a new punishment for the old one; which could only be done or be intended to be done in the case of offenses committed since the new act. The repeal is only by implication, and is therefore to be carried no further than is necessary to give the new statute effect. Sedgwick on Con. & Stat. Law, 127; 1 Bishop on Crim. Law, § 91 et seq. The new statute has its full constitutional effect without applying it to offenses previously committed. It has no direct, primary application to them, because such legislation would be *ex post facto*. It can therefore have no indirect, secondary effect upon them. It is only the substitution of the new punishment that takes away the right to inflict the old. It follows that the old punishment is not abolished, except in the cases where the new punishment is substituted. If the new law were unconstitutional in its express provisions, it would be held wholly void, and it would have no effect by implication. Being unconstitutional (or inapplicable) as to a certain class of cases, it is to those cases as if it had never been enacted, and can be no rule of decision as to them directly—much less indirectly or by implication.

*By the Court,* COLE, J. This is a prosecution, under chap. 35, R. S., for selling spirituous liquors without a license. The defendant admitted in open court that on the 20th day of July, 1861, in the town of Wheatland, in Bad Ax (now Vernon) county, he sold, as a druggist, a pint of alchohol, not having a license to sell spirituous liquors in any quantity. At the April term of the circuit court for that county, 1863, he was found guilty of the offense charged, and was sentenced to pay a fine of ten dollars, and costs of prosecution, and stand committed until such fine and costs were paid. The case comes to this court on exceptions under the statute. The view which we have taken of the effect of chap. 147, Laws of 1862, upon this case, will render it unnecessary for us to notice many

of the questions raised and discussed by counsel on the argument.

The act complained of was committed in 1861, and it is very obvious that the defendant was tried and sentenced, in 1863, upon the supposition that section 5, chap. 35, applied to the case and prescribed the manner of punishment. We are satisfied, however, that this is a mistake, and that that section had been repealed by chapter 147 above referred to. For that chapter provides that "section 5, chapter 35 of the revised statutes, entitled 'of excise,' is hereby amended *so as to read as follows,*" &c. Now the conclusion is irresistible that any provision of section 5 not found in this chapter, is repealed. This must be so, since the legislature says expressly that that section shall thereafter read and be to the effect following; then going on to enact a complete substitute for the former provision. In what clearer manner could the legislature indicate its intention to supersede, change and repeal section 5, than by the one adopted? It is amended so as to read and be to the effect therein prescribed, and quite different from what it was as it formerly existed. An examination of our statutes will show that this method of superseding and changing the existing law is frequently resorted to, and it certainly leaves no room to doubt as to what the legislature intended. The legislature in effect says, that such a provision of law shall be read and construed to be as therein declared, and shall have no other meaning or effect given to it. See case of *The State vs. Andrews*, 20 Texas, 230. Section 5, therefore, being superseded, changed and repealed by chapter 147, was not in force when the trial was had in this case, and furnished no authority to the court to give judgment upon it. It can no more be said to exist for the purpose of regulating the punishment applicable to the offense here complained of, than one committed since the law of 1862 went into operation.

The attorney general contends that the act of 1862 was not intended to apply to any offense already committed. Howev-

er that may be, still if the effect of that act was, as we have supposed, to supersede and repeal the former law, then it is manifest that there was no law which authorized the court to give judgment. So far as the act complained of here is concerned, it was as though the legislature had directly repealed section 5, chap. 35, and stopped there. In that case it is apparent no prosecution could be maintained and no conviction had. This is a very familiar principle. The same result must now follow when the legislature repeals that section in the manner it did. Of course it will not be contended that it was incompetent for the legislature to repeal that provision of law. The only question is, has it done so? If it has, there must be an end to this prosecution, inasmuch as there was no saving clause in the repealing statute, and the latter statute not applying to this offense. That the statute of 1862 could not apply to this offense, was conceded on the argument, since it makes the act of selling liquor without a license punishable in a manner different from what it was when committed. It imposes a severer penalty than was provided by the law in force in 1861, and would therefore be obnoxious to the objection of being an *ex post facto* law, if intended to apply to any offense committed before its passage.

For these reasons we think the conviction must be set aside, and the cause remanded with directions to dismiss the complaint.