ARTHUR D. BASNETT, PLAINTIFF IN ERROR, VS. THE CITY OF JACKSONVILLE, DEFENDANT IN ERROR.

1. Where a section of a law is amended by an enactment that it " shall read as follows," the amendment desired following, the substituted section becomes, for all purposes in the future, the named section of the original act, and a subsequent amendment of the same section of the original act by an enactment that it shall "read as follows," the amendment desired following, operates to repeal all of the section amended which is not embraced in the amendment.

2. The amendment of the section of the general act creating a system of municipal government (Section 23, Chap. 1688, Laws,) which grants the power to municipal corporations to tax for general municipal purposes so as to take away such power, destroys the

power to levy a tax for such general purposes.   The power and duty to levy and collect a tax for the payment of the principal and interest of the outstanding bonds still exists by virtue of Section 20 of the original act, Chapter 1688, Laws, which is not repealed or amended by subsequent legislation.

3. Under Section 4, Chapter 151, Laws, authorizing a judgment declaring an assessment not lawfully made, the judgment to be entered is an unqualified judgment ; and where a part of the assessment is illegal and a part legal, the general judgment is that the assessment is not lawfully made.   It cannot be that a part is lawful and a part is illegal.

Writ of Error to the Circuit Court for Duval county.

This is a proceeding under Section 4 of Chapter 151, Laws of Florida, to have the assessment of taxes of the City of Jacksonville for the year 1880 declared illegal. The Circuit Judge dismissed the petition of the plaintiff in error.   Said section is as follows :

" That in all cases where assessments are made against any person or persons, body politic or corporate, and payment of the same may be or shall be refused upon allegation of the illegality of such assessment, such person or persons, body politic or corporate, may apply to the Judge of the Circuit Court by petition setting forth the alleged illegality, and present the same, together with the evidence to sustain it, and the Judge shall decide upon the same, and if found to be illegal shall declare the assessment not lawfully made."

Section 23 of the act of February 4, 1869, (Chap. 1688,) as *finally* amended by Section 8 of the act of 1877 (Chap. 3024) is as follows :

Sec. 8. That Section *twenty-three* of said act shall be amended so as to read as follows:   The valuation of property, as made by the officers of this State in each year for the purpose of taxation, shall be adopted by all municipal governments as the true valuation of the

property within their respective corporations, and the total taxes levied upon property by any municipal corporation, in any one year, shall not exceed one per cent. upon such State valuation; but this provision is not to be so construed as to prevent the said corporation from levying sufficient tax to meet the payment of interest on its outstanding bonds, and to provide for the payment of the principal thereof when the same shall become due; that it shall not be lawful for the government of any city or town to make appropriations, in any one year, for a greater amount than is allowed to be collected by taxation, and it shall not be lawful for any officer of a municipal government to issue a warrant on the treasurer except in payment of an appropriation.

The other facts are sufficiently stated in the opinion.

*Cockrell & Walker* for Plaintiff in Error.

*John Earle Hartridge* for Defendant in Error.

MR. JUSTICE WESTCOTT delivered the opinion of the court:

The questions discussed in this case were restricted to the matter of the legality of the assessment of the tax for the year 1880 upon the property of the plaintiff in error. Quite a number of interesting questions concerning the mode of assessment where the power to collect the tax existed were discussed, but in view of the conclusion we reach, their consideration by us is unnecessary. That conclusion is that the city of Jacksonville did not have the power to levy a part of the taxes here complained of. The taxes were for general municipal purposes for the year 1880, and a tax to meet the sinking fund and interest upon what are known as " Sanitary Improvement Bonds " and " outstanding bonds of the city of Jacksonville of the issue of 1857."

The power of the city of Jacksonville to levy taxes for general purposes was originally granted by the twenty-third section of Chapter 1688, Laws, entitled an act to provide for the incorporation of cities and towns and to establish a uniform system of municipal government in this State, which was approved February 4, 1869. This section gave the general power to raise by tax and assessment all sums of money that may be required for the use and good government of the city or town and for the carrying out the powers, rights and duties imposed or granted by the act. This section of the act was amended by Chapter 2045 of the Laws, approved February 27, 1875, being an act entitled an act to amend the twenty-third section of an act entitled an act to provide for the incorporation of cities and towns and to establish a uniform system of municipal government in this State, approved February 4, 1869. It was amended in the method prescribed by the Constitution, the enactment being that the said section twenty-three should be " amended so as to read as follows." By this legislation the original section ceased to have any validity as to taxes to be levied by the corporation in the future, except in so far as it constitutes the obligation of a contract, and the section as amended became incorporated into and a part of the original act of the Legislature and the organic act of the municipal corporation. In 1877 the Legislature passed an act which was approved March 8th, 1877, (Chapter 3024, Laws,) entitled an act to amend sections 11, 12, 13, 16, 17, 18, 19, 23 and 29 of an act entitled an act to provide for the incorporation of cities and towns and to establish a uniform system of municipal government in this State, approved February 4th, 1869. Section 23 of the act of 1869 as it was originally enacted we have seen had ceased to have any existence, and the substituted section filled its place. State vs. Andrews, 20 Tex., 230 ;

State vs. Ingersoll, 17 Wis., 631. Therefore section 23 of the original act as amended was the enactment to which this act of 1877 necessarily had reference, and to this alone could this legislative action have been directed. Grier vs. The State, 22 Tex., 588. It follows, therefore, that unless the section as enacted in the last act, Chapter 3024, gives the power of general taxation such power in the city cannot be sustained unless it is an implied and resulting power from the general grant of corporate powers and the imposition of corporate duties. This section as amended by Chapter 3024, Laws, does nothing of an affirmative character, except that it regulates the method of valuing property for the purposes of municipal taxation and limits the rate of taxation and amount of appropriations for expenditures. It has a negative provision as to its construction, but this certainly cannot be held to be a grant of an affirmative power outside of and beyond that conferred by its own terms. The consequence, therefore, is that there is now no legislative enactment in existence granting in express terms an affirmative power to the city of Jacksonville to levy and collect taxes. Has it such implied power under the circumstances here when the Legislature leaves existing the other general powers of the corporation?

Some of the courts hold " that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred. It has indeed often been said that it must be specifically granted in terms, but all courts agree that the authority must be given either in express words or by necessary implication, and that it cannot be collected by doubtful inferences from other powers or powers relating to other subjects, nor deduced from any consideration of convenience or advantage." 2 Dillon's Municipal Corporations, 3d Ed., 763, and cases cited.

The assessment here sought to be declared illegal embraces assessments for three classes of taxes, two on account of bonded indebtedness incurred by the city and one on account of the general revenue.

So far as the power to levy and collect the tax for the bonded indebtedness of the city is concerned it is made the duty of the City Council, under Section 20 of Chapter 1688, Laws, which is still in force, to assess and collect such taxes from the citizens and upon the property within the city as is necessary for the payment of the interest upon, as well as the final payment of the bonds.

As to the taxes for the general revenue, however, the effect of the legislation is to take away both the express and implied powers granted by Chapter 2045, Laws, to the city, and these we conceive were the only powers which existed in respect to that subject-matter. We have here, therefore, an assessment to this extent not authorized by law, and taking the whole assessment into consideration we think the Judge erred in dismissing the petition, and that he should have held the assessment " not lawfully made." The statute does not authorize the court to hold that a part of an assessment is lawful and a part illegal. The judgment covers the matter as an entirety.

Judgment reversed.