JACKSONVILLE, TAMPA & KEY WEST RAILWAY COM-
PANY, APPELLANT, VS. CHARLES S. ADAMS, ADMR.,
ET AL., APPELLEES.

1. The purpose of the provision of Section 29 of Article XVI
of the Constitution, that compensation for property appro-
priated to the use of any corporation or individual shall be
ascertained by a jury of twelve men in a court of competent
jurisdiction, as shall be prescribed by law, is that there shall
be the concurrent judgment of the twelve as to what is just
compensation. The Legislature cannot make the judgment
of less than twelve competent to answer the requirement of
the Constitution. The words "as shall be prescribed by law,"
relate to procedure, and do not authorize any change or
impairment of the agency by which compensation is to be
fixed.

2. The provision that a majority of the jury of twelve may de-
termine all matters before them, to be found in the act of
June 8th, 1887, amending certain sections of the act of Feb-
ruary 12th, 1885, regulating the condemnation of lands for
the use of railroads, is in conflict with Section 29 of Article
XVI of the Constitution, in so far as the latter section or-
dains that the compensation for property appropriated to
the use of a corporation or individual shall be ascertained

by a jury of twelve men in a court of competent jurisdiction, and is void; yet such void provision does not impair the validity or efficiency of the other provisions of the act of 1887

3. The act of February 12th, 1885, regulating the condemnation of lands for the use of railroads, provided that compensation should be ascertained by six disinterested freeholders, registered voters of the county, they being styled commissioners. It was composed of nine sections, and was of itself a complete statute. The Constitution of 1885 became operative January 1st, 1887 : *Held*, that the provision of this Constitution that compensation for property appropriated to the use of a corporation or individual shall be ascertained by a jury of twelve men in a court of competent jurisdiction (§29, Art. XVI), did not have the effect to render the act of 1885 incapable of amendment by legislation subsequent to the taking effect of the Constitution, so as to make it conform to the provisions of §29 of Art. XVI of the Constitution.

4. The act of February 12th, 1885, regulating the condemnation of lands, as amended by the statute of June 8th, 1887, does not offend the clause of the Constitution prohibiting special or local laws for summoning grand or petit jurors.

5. A report of a jury, under the act of February 12th, 1885, regulating the condemnation of lands, as amended by the act of June 8th, 1887, was signed by each of the twelve jurors. but contained this statement : This report and verdict are concurred in by ten of the jurors: *Held*, that the report was evidence that ten jurors, and no more, concurred in the finding.

6. That an appeal lies from an order of the Circuit Court dismissing a proceding under the act for the condemnation of land for railroad purposes, as amended in 1887, has been adjudicated already in this cause. 29 *Fla.*, 260, 11 *South, Rep.*, 169.

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

39

*J. R. Parrott, Hamlin & Stewart* and *T. M. Day, Jr.*, for Appellant.

*A. W. Cockrell & Son* for Appellees.

.RANEY, C. J. :

'I. The following provisions are to be found in our 'Constitution: The right of trial by jury shall be se-cured to all, and remain inviolate forever.—Section 3, Dec. of Rights. The number of jurors for the trial of causes in any court may be fixed by law, but shall not be less than six in any case.—Section 38, Art. V. No private property, nor right of way, shall be appropri-ated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or in-dividual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be pre-scribed by law.—Section 29, Art. XVI. This Consti-tution became operative on January 1st, 1887; and the statute regulating the condemnation of lands for the use of railroads, which was of force at this time, was that of February 12th, 1885, Chapter 3595 of our laws. Under it the appraisement was to be made by "six dis-interested freeholders, registered voters of the county in which the land is situated," the statute designating them as commissioners. The first legislature that as-sembled under the Constitution referred to, enacted the statute of June 8th, 1887, Chapter 3712, amending certain sections of the above act of February 12th, 1885, and providing that on the presentation of the petition the judge of the Circuit Court should make an order for the summoning of twelve disinterested freeholders,

registered voters of the county in which the land is situated, as a jury, to appraise and value the said land, on their oaths well and truly so to do, and to affix the amount of compensation to be made to the owner or owners of the land. It also provided that the jury should view the land described in the petition, hear the allegations of the parties and appraise, ascertain and determine the value of each tract or parcel of land proposed to be taken, with the value of the improvements thereon, and each separate estate therein, and the damage that will be sustained by the owner or owners by reason of the taking thereof, and they shall fix the amount of the compensation to be made to each of the owners thereof; and further: "A majority of the jury may determine all matters before them."

The act of 1885 was composed of nine sections, and was, of itself, a complete act. The act of 1887 is an act to amend the second, third, fourth, fifth, sixth and seventh sections of the former statute. One of the contentions of Adams' counsel is that the statute of 1885 was entirely repealed by the new Constitution, as that statute provided for a divestiture of the owner's interest in the land by the act of six commissioners, and the Constitution substituted the different agency of a jury as indicated above; and hence that the designated sections were incapable of amendment, and the act of 1887 was absolutely void. In support of this contention such counsel cite the case of L. & N. R. R. Co. vs. City of E. St. Louis, 134 Ill., 656, where, in 1889 a statute was passed which purported to amend a specified section of an act approved April 10th, 1872, but the stated section had been amended by the enactment of a distinct and complete section in 1887; and it was held that as the amendment of 1887 was a repeal

of the original section, such section was not in existence nor the subject of amendment in 1889, and hence that the amendment of 1889 was of no effect. To avoid any erroneous inference from the statement of the doctrine of this case we should not fail to remember that in Florida the adjudicated law is that where a section of a statute is amended expressly—as by an enactment that it "shall read as follows," the amendment desired following—the amendatory section becomes for future purposes, including those of subsequent amendment or repeal, the named section of the first act. Basnett vs. City of Jacksonville, 19 Fla., 664; Saunders vs. Provisional Municipality, 24 Fla., 226, 4 South. Rep., 801; Section 16, Art. III, Const. However, we do not think that Section 29 of Article XVI of the Constitution, *supra*, had the effect to strike down or abrogate entirely the act of 1885, or those sections of it amended by the act of 1887; on the contrary, our judgment is that the stated section of the Constitution merely rendered invalid and inoperative those clauses of the act which provided for an ascertainment of the damages by commissioners, and the act, as thus affected, was amendable to make it conform to the provisions of Section 29 of Article XVI of the Constitution. State *ex rel.* vs. Monmouth Plank Road Co., 26 N. J., (Law) 99; State vs. Seymour, *et al.*, 35 *Id.*, 47; Bonaparte vs. C. & A. R. R. Co., 1 Baldwin, 205; McCauley vs. Weller, 12 Cal., 500; Cairo & Fulton R. R. Co. vs. Turner, 31 Ark., 494. We find neither authority nor good reason to the contrary of this conclusion.

The purpose of the last mentioned provision of our Constitution (Section 29 of Art. XVI), in so far as it provides that the compensation to the land owner shall be ascertained by a jury of twelve men in a court

of competent jurisdiction, is that there shall be the concurrent judgment of the twelve as to what is a just compensation in any case. We appreciate the arguments to the contrary founded upon both the existence of the former system of commissioners as the proper agency for fixing the damages, and the subordination of the same to the legislative will (Cruger vs. Hudson R. R. R. Co., 12 N. Y., 190; Menges vs. City of Albany, 56 N. Y., 378), but our judgment is that the essential guaranty of the Constitution in substituting for it a jury of twelve men was to secure to the land owner the protection of the judgment of this number; and to permit the judgment of a smaller number to control is not to be reconciled to either the meaning of the language used or to the intent shown by it and the change which has been made. If the Legislature can authorize a majority of the jury to ascertain the compensation or determine the matters before them, they can give the same power to less than a majority. A concession to the Legislature of power to make the judgment of less than the entire twelve competent to answer the requirement of the Constitution is a surrender of all protection from the prescription of the stated number, and renders this feature of our organic law a useless declaration. The words "as shall be prescribed by law," at the end of the section relate to the procedure in such cases, but do not authorize any change or impairment of the agency by which the compensation is to be fixed.

In C., M. & St. P. Ry. Co. vs. Hock *et al.*, 118 Ill., 587, where the provision of the Constitution of 1870 was: "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the state, shall be ascertained by a jury, as shall be prescribed by law,"

and where it was held that the right to a jury might be waived, it was said that this section of the Constitution "was no doubt intended as a new protection to the citizen—one not heretofore enjoyed—an additional safeguard placed in the hands of the citizen to which he might resort when a necessity seemed to exist to afford him full compensation for property" taken. To this we may add that to permit legislation doing way with the necessity for a concurrence of the twelve would, in our judgment, remove all "additional safeguard."

The provision of the act of 1887: "A majority of the jury may determine all matters before them," at least as applied to fixing the amount of compensation to which the land owner is entitled, is void, but it is so distinct and severable from the other provisions of the statute as not to impair their validity or efficiency, or the practical operation of the statute as a means of condemning lands for the purposes contemplated and of ascertaining through the agency of a jury of twelve men in a court of competent jurisdiction, the amount of compensation to which the land owner is entitled. The decision and reasoning of this court in the cases of Donald vs. State, 31 Fla., 255, 12 South. Rep., 695, and English vs. State, 31 Fla., 340, 12 South. Rep., 689, are conclusive of this question. There a statute provided that every grand jury should consist of twelve persons, and the assent of eight of them be necessary to the finding of an indictment, and it was held the act was valid in so far as it provided that the jury should consist of twelve persons, although the clause requiring the assent of only eight to the finding of an indictment was declared to be unconstitutional and void.

JANUARY TERM, 1894.    615

J., T. & K. W. Ry. Co. v. Adams, Admr., et al.—Opinion of Court.

It appears from the record before us that the report of the jury of their proceedings concerning the land in which is their verdict as to the amount or award of compensation due for the land is signed by each of the twelve persons, but it contains this statement: "This report and verdict are concurred in by ten of the jurors." We are unable to conclude that the fact of the signing of it by the twelve can be taken, notwithstanding the above statement, as evidence that the entire twelve concurred in the finding; but our judgment is that the signing of all is their attestation of the truth of what is stated in the body of the report, and that ten, but not more, concurred in the finding. The only natural and safe conclusion is that only ten concurred in it. There is no evidence that any more did. Because of the concurrence of only ten we think the judge should have refused to confirm the report.

The contention that the legislation under discussion offends Section 20 of Article III of the Constitution is unsound. That section ordains that the Legislature shall not pass special or local laws providing for summoning grand and petit juries. This jury is neither a grand nor a petit jury in the sense in which those terms are there used. Such jurors as these constitute a distinct class of themselves and the statute is applicable to all cases of the class covered by the statute, and is neither special nor local in its operation or effect within the meaning of the named section of the Constitution.

The statute of 1887, Section 5, provides that should the owner or owners show, on the hearing on the report, good cause why the report should not be confirmed, the judge shall refuse to confirm the same, and he shall order and cause to be taken such further

proceedings in the matter not inconsistent with the act, as in his judgment right and justice demand. The judge erred in so far as this order declared the law to be unconstitutional and refused to order further proceedings under the act. In view of the conclusion of this opinion as to the majority clause set out above there should have been further proceedings.

The proceeding is one in the Circuit Court, as distinguished from one before the Circuit Judge. They are instituted and conducted in that court, and the acts of the judge are as the judge thereof, his orders and decrees being required to be recorded in the chancery order book thereof, and such orders and decrees or judgments are appealable as any other chancery order. This has already been decided in this cause, J., T. & K. W. Ry. Co. vs. Adams, 29 Fla., 260, 11 South. Rep., 169.

In view of what has been decided in Orange Belt R. R. Co. vs. Craver, 32 Fla., 28, 13 South. Rep., 444, it is unnecessary for us to say more on the general subject of procedure in such cases.

Our conclusion is, that the order appealed from, in so far as it in effect dismissed the proceeding is erroneous and should be reversed, and the cause remanded for further proceedings according to the law and practice in such cases. It will be ordered accordingly.