**TEXAS FARM BUREAU COTTON ASS'N v. LENNOX et al.    (No. 3346.)**

Court of Civil Appeals of Texas. Texarkana. May 19, 1927.

Rehearing Denied May 26, 1927.

1. **New trial** ☞1—Court has inherent power to grant new trial and hold case for another trial in regular order.

Granting of new trial and holding case on docket for another trial in regular order is a power inherent in court.

2. **Constitutional law** ☞111, 184—Denial by statute of appeal directly from order granting new trial does not impair obligation of contract or vested rights.

Order granting new trial and denial by statute of appeal directly from such order does not deprive party to suit of any substantial right which he had touching defense or enforcement of right when suit was filed, nor alter his situation in relation to cause of action or its consequences to his disadvantage, and does not impair obligation of contract or vested rights.

3. **Constitutional law** ☞111—Party has no vested right to appeal, and privilege, once granted, may be taken away by Legislature.

Party to suit has no vested right to appeal from one court to another, and such privilege, once granted, may be taken away by Legislature.

4. **Constitutional law** ☞56—Legislature may deprive Court of Civil Appeals of jurisdiction over appeal from order for retrial and may deprive party of privilege of appealing therefrom.

Legislature has power not only to deprive party to suit of privilege of appeal, but to deprive Courts of Civil Appeals of jurisdiction to entertain and revise appeal merely from order for retrial of case.

5. **Statutes** ☞164—Amendatory act, re-enacting first part of original act and omitting second part, abrogated omitted portions of original acts (Acts 40th Leg. [1927] c. 52, amending Rev. St. 1925, art 2249).

Acts 40th Leg. (1927) c. 52, providing that Rev. St. 1925, art. 2249, shall be "amended so

as to read as follows," re-enacting first part of original act with slight change and omitting second part, in effect, abrogated all omitted portions of original act.

**6. Appeal and error ⊜⇒2—Court of Civil Appeals was deprived of jurisdiction over appeals from order granting or denying new trial, when act depriving it of such jurisdiction came in force (Acts 40th Leg. [1927] c. 52).**

Jurisdiction of Court of Civil Appeals to hear appeals from orders granting or denying new trial stopped when Acts 40th Leg. (1927) c. 52, depriving appellate court of jurisdiction over such appeals, came in force.

**7. Appeal and error ⊜⇒2—Appeal from order granting new trial must be dismissed, where, pending appeal and before hearing, Legislature deprived Court of Civil Appeals of jurisdiction over such appeal (Acts 40th Leg. [1927] c. 52).**

Where defendant appealed from order granting plaintiff new trial, and, pending appeal, but before hearing thereon, Acts 40th Leg. (1927) c. 52, deprived Court of Civil Appeals of jurisdiction over appeals from such order, appeal, though remaining in force, became unavailing and must be dismissed for want of jurisdiction.

**8. Appeal and error ⊜⇒2—Unless continuing jurisdiction is reserved, pending appeals fall with law depriving appellate court of jurisdiction thereover.**

All pending appeals must fall with law depriving appellate court of jurisdiction over such appeals, unless there is reservation of continuing jurisdiction as to them.

**9. Statutes ⊜⇒276(1)—Statute containing no saving clause repealing law giving jurisdiction takes away right to proceed in pending cases undetermined when law becomes effective.**

Repeal of law giving jurisdiction, by statute containing no saving clause, takes away right to proceed in pending cases undetermined at time when law becomes effective.

**10. Appeal and error ⊜⇒2—Act depriving appellate court of jurisdiction to hear appeals from order granting or denying new trial, containing no saving clause, did not indicate intention to save pending appeals (Acts 40th Leg. [1927] c. 52, amending Rev. St. 1925, art. 2249).**

Acts 40th Leg. (1927) c. 52, amending Rev. St. 1925, art. 2249, depriving appellate court of jurisdiction over appeals from orders granting or denying new trial, containing no saving clause and not providing that amendatory act shall "hereafter" read as follows, *held* not to indicate intention to save pending appeals being entertained by Court of Civil Appeals.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Suit by H. H. Lennox and another against the Texas Farm Bureau Cotton Association. Judgment for defendant. From an order set-

ting aside judgment and granting new trial, defendant appeals. On plaintiffs' motion to dismiss appeal. Appeal dismissed.

See, also, 257 S. W. 935, 283 S. W. 619, and 296 S. W. 326.

Appellees brought a suit against the appellant association to recover damages for the alleged breach of a written co-operative marketing contract. The appellant timely filed answer thereto.⸲ The case was tried on its merits at the June term of court in 1926, and the court entered a judgment for the appellant. Later in the term the court, on its own motion, and by an order duly entered to that effect, set aside the judgment so entered and then ordered "that the verdict of the jury heretofore rendered in this cause be set aside and held for naught, and that a new trial of this cause be and the same is hereby granted and ordered." The appellant duly excepted to this order and ruling of the court and duly and timely prosecuted an appeal to this court, filing the record herein in due time prior to February, 1927. The appeal is now pending, but is not yet under formal submission in this court for decision. Appellees have now filed and presented a motion to dismiss the appeal for the reason that this court has been divested of all jurisdiction to hear and determine this case, in virtue of the recent act of the Fortieth Legislature. Article 2249, R. S., authorized the taking of an appeal to the Court of Civil Appeals from (1) "every final judgment in the district court in civil cases, and * * * the county court in civil cases," and (2) "every order of any district or county court in civil cases granting motions for new trials, * * * and such appeal shall be taken within the same time and in the same manner as if the judgment was final." The Fortieth Legislature, in 1927, amended the above article, adding the right to prosecute "writ of error" or "appeal" to the Court of Civil Appeals "from every final judgment in the district and county courts," and omitting entirely the portion last above quoted authorizing an appeal from orders granting motions for new trial. That act became duly effective February 21, 1927.

Aaron Sapiro, of Chicago, Ill., C. K. Bullard, of Dallas, Long & Wortham, of Paris, and Robbins & Bailey, of Clarksville, for appellant.

Phillips, Townsend & Phillips, of Dallas, and King, Mahaffey & Wheeler, of Texarkana, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The granting of a new trial and holding the case on the docket for another trial in its regular order is a power inherent in a court. And the granting of a new trial by the court, and likewise a mere denial by statutory pro-

vision of an appeal directly from such character of order, does not have the effect to deprive a party to a suit of any substantial right which he had touching defense or enforcement of a right as the law stood when the suit was filed, nor alter his situation in relation to the cause of action or its consequences to his disadvantage. Such procedure does not in the least impair the obligation of contract or vested rights.

[3, 4] It is well settled, in the text-books and in numerous cases, that a party to a suit has no vested right to an appeal from one court to another, and that, ordinarily, it is not a valid legal objection that such a privilege, once granted, may be taken away by the Legislature. The Legislature undoubtedly, as is conceded, has the power not only to deprive a party to a suit of the privilege of appeal, but to deprive the Courts of Civil Appeals of jurisdiction to entertain and revise such appeal merely from an order for retrial of a case. There is no constitutional restriction in that respect.

[5-7] The present act, an amendatory statute (Acts 40th Leg. [1927] c. 52), declares that the earlier act (article 2249) shall be "amended so as to read as follows." From this it follows that the legislative intention was a recasting of the whole language of the earlier article. In the amendatory act all the first part of the original act was retained, adding the words only, "or writ of error," and all the next portion of the original act was omitted relating to "an appeal * * * taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials." In effect, all such portions of the original as are omitted from the amendatory act are abrogated thereby and are thereafter no part of the statute. State v. Andrews, 20 Tex. 230. The object is evidently to presently and immediately restrict and not continue any longer the jurisdiction of the Court of Civil Appeals in such matters. The emergency clause conclusively shows such intention of the Legislature. Hence the jurisdiction of such court stops when the law is in force. And although the present appeal may be regarded as remaining in full force, yet when the new law intervened before its hearing the appeal becomes unavailing and must be dismissed, for the jurisdiction of this court is gone to entertain and enter judgment therein.

[8-10] It is well settled that all pending appeals must fall with the law unless there is reservation of continuing jurisdiction as to them. The repeal of a law giving jurisdiction by a statute containing no saving clause takes away the right to proceed in pending cases undetermined at the time when the law becomes effective. Ex parte McCardle, 7 Wall. (74 U. S.) 506, 19 L. Ed. 264; Railway Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231; Dennison v. Alexander, 103 U. S. 522, 26 L. Ed. 313; Stewart v. Lattner, 53 Tex. Civ. App. 330, 116 S. W. 860; 25 R. C. L. p. 936; 1 Lewis' Sutherland, Stat. Con. (2d Ed.) p. 557. In the present act there is no saving clause as to jurisdiction to hear appeals pending. And the act does not provide that "hereafter" it shall "read as follows," so as to fairly indicate an intention not to cut off pending appeals being entertained by this court. Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667.

Our attention has been called to the case of Moore v. Clem, 295 S. W. 941, lately decided by the Court of Civil Appeals at Dallas. We coincide with the view of that court.

The motion is granted, and the appeal is dismissed.