

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

June 7, 1963

Partly overruled by
Trinity Universal Ins. Co. v.
J. C. McLaughlin, et al
373 SW 2d 66

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. C-96

Re: Whether the Highway Department
may dispense with the require-
ment that the contractor fur-
nish an affidavit of bills paid
prior to making final payment
by virtue of Senate Bill 213.

Dear Mr. Greer:

Your request for an opinion recites that on April 26, 1963,
Senate Bill 213 was signed into law by the Governor and went into
immediate effect. This bill deleted that portion of Article 6674m,
Vernon's Civil Statutes, that stated:

"and final payment shall not be made until it is shown
that all sums of money due for any labor, materials,
or equipment furnished for the purpose of such improve-
ments made under any such contract have been paid."

You have submitted to us a request for our opinion on the
following questions:

"1. May this Department dispense with the requirement
that the contractor furnish an affidavit of bills paid
prior to making final payment?"

"2. May this Department now make final payment to con-
tractors on jobs completed in the past where no such
affidavit was furnished?"

"3. . . . In the event your answer to Question No. 2
is in the affirmative, please advise us whether or not:

-474-

"a.   The State may pay the money retained on
these contracts directly to surety by warrant
issued in surety's name."

"b.   The State or any of the officials involved
would be liable to surety if payment were made
to the contractor."

As early as 1857, the Texas Supreme Court held in The State
v. Andrews, 20 Tex. 230, that where an amendatory act of the legis-
lature reads that a certain section of a previous act shall here-
after read as follows, any provision of the previous act which is
not found in the amendatory act is repealed.

In Texas Farm Bureau Cotton Ass'n v. Lennox, 296 S.W. 325
(Tex.Civ.App. 1927), the Court was concerned with an amendatory
act regarding jurisdiction and held:

"The present act, an amendatory statute . . . declares
that the earlier act . . . shall be 'amended so as to
read as follows.'  From this it follows that the legis-
lative intention was a recasting of the whole language
of the earlier article.  . . .  In effect, all such por-
tions of the original as are omitted from the amendatory
act are abrogated thereby and are thereafter no part of
the statute.  State v. Andrews, 20 Tex. 230."

Senate Bill 213 states as follows:

"Section 1.   That Section 13 of Chapter 186, Acts of
1925, 39th Legislature, Regular Session (Article 6674m,
Revised Civil Statutes) be amended so that it shall
hereafter read as follows:

"Section 13.   Said contracts may provide for partial
payments to an amount not exceeding ninety-five per
cent (95%) of the value of the work done.  Five per
cent (5%) of the contract price shall be retained un-
til the entire work has been completed and accepted."

Inasmuch as the legislature amended Article 6674m, Vernon's
Civil Statutes, and deleted that portion which stated:

"And final payment shall not be made until it is shown
that all sums of money due for labor, materials, or
equipment furnished for the purpose of such improve-
ments made under any such contract have been paid,"

it is our opinion that the legislature intended that such require-
ment no longer be mandatory upon the Texas Highway Department and
that the remaining five per cent (5%) of the contract price be re-
tained until such time when the work has been completed and
accepted.

Since your first question directed to us is "may this Depart-
ment dispense with the requirement that the contractor furnish an
affidavit of bills paid prior to making final payment?", your
attention is directed to Article 6674k and 6674l, Vernon's Civil
Statutes:

"Article 6674k.   Form of contract

"The State Highway Commission shall prescribe the form
of such contracts and may include therein such matters
as they may deem advantageous to the State.   Such forms
shall be uniform, as near as may be."

"Article 6674l.   Signing contracts

"Every such contract for highway improvement under the
provisions of this act shall be made in the name of the
State of Texas; signed by the State Highway Engineer,
approved by at least two members of the State Highway
Commission and signed by the contracting party, and no
such contract shall be entered into which will create a
liability on the part of the State in excess of funds
available for expenditure under the terms of this Act."

In Johnson v. Ferguson, 55 S.W.2d 153, (Tex.Civ.App. 1932,
error dism.), the Court said:

"To the members of the commission and in large measure
to its chief engineer are intrusted responsibilities of
outstanding importance.   To meet these responsibilities
they are invested with a wide discretion.   . . .   Their
acts in the exercise of an honest discretion, must be
respected when untainted by fraud and unassailed on
account of accident or mistake occurring in their per-
formance, or such abuse of discretion as under the
authorities would avoid the same."

It is our opinion that although it is no longer mandatory
that the State Highway Department require an affidavit of bills
paid from the contractor, it may, in the discretion of the State
Highway Commission, require all contractors to furnish such an

affidavit. This requirement could be included in the contract if the Texas Highway Commission deemed such matter to be advantageous to the State.

With respect to your second question regarding final payments to contractors on jobs completed in the past where no such affidavit of bills paid was furnished, the law seems to be well settled that statutes which subsist at the time and place of the making of a contract enter into it and form a part of it as if such statutes were expressly referred to or incorporated in its terms. Winder Bros. v. Sterling, 118 Tex. 268, 12 S.W.2d 127, (1929).

In the case of Smith v. Elliott & Deats, 39 Tex. 201, (1873), the Court said:

> "That the laws which exist at the time and place of the making of a contract enter into and form a part of it, embracing alike those which affect its validity, its construction, its discharge, and its enforcement, forms a rule recognized by numerous authorities of the highest character . . . Von Hoffman v. City of Quincy, 4 Wall 550 . . . In the case of Von Hoffman v. City of Quincy, above cited, Mr. Justice Swayne says: 'It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it as if they were expressly referred to, or incorporated in its terms.'"

In regard to the contracts entered into prior to Senate Bill 213, such contracts were executed at a time when by statute it was mandatory that an affidavit of bills paid be furnished by the contractor prior to the payment of the remaining five per cent (5%). Therefore, in answer to your second question it is our opinion that on contracts executed prior to the date Senate Bill 213 became effective the existing law required the contractors to furnish proof that all bills had been paid, that such law became a part of the contracts and that the Texas Highway Department cannot now make final payment to contractors on such contracts until such time that proof of payment of all bills has been furnished.

Inasmuch as your request for an opinion on questions 3.a and 3.b was contingent on an affirmative answer to question number two (2), these questions are not answered herein.

## SUMMARY

Senate Bill 213 which was signed into law on April 26, 1963, and which amended Article 6674m, Vernon's Civil Statutes, no longer makes it mandatory that the Texas Highway Department require an affidavit from contractors that all bills have been paid. However, all contracts executed after April 26, 1963, may include this requirement in the discretion of the Highway Commission. On contracts executed prior to April 26, 1963, the contractors must comply with the law as it existed at such time and an affidavit of bills paid must be furnished the Texas Highway Department prior to receiving final payment.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By RICHARD E. BOWERS
Assistant Attorney General

REB:pm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Grady Chandler
John Reeves
Edward Moffett
M. K. Wall

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone