

# The Attorney General of Texas

December 20, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Don Adams
Chairman, Administration
    Committee
The Senate of the State of Texas
Austin, Texas

Dear Senator Adams:

Opinion No. H-1107

Re:  Whether section
16.056(f) Education
Code, enacted in the
regular session of the
65th Legislature was
repealed in the subse-
quent special session.

You have asked whether section 16.056(f) of the
Education Code, as enacted by the regular session of the
65th Legislature, was repealed in the subsequent special
session.

House Bill 612, Acts 1977, 65th Leg., ch. 377, at
1029, enacted on May 29, 1977, provides, in section 23:

> Section 16.056, Texas Education
> Code, as amended, is amended by
> adding Subsection (f) to read as
> follows:
>
> "(f)  In determining the place-
> ment of distributive education
> teachers under the Texas Public
> Education Compensation Plan, a year
> of approved work experience shall
> be considered equivalent to a year
> of teaching experience."

House Bill 612 became effective on June 10, 1977.

On July 15, 1977, in a special session, the Legisla-
ture enacted Senate Bill 1, Acts 1977, 65th Leg., 1st C.S.,
ch. 1, at 11.  Senate Bill 1 states that one of its pur-
poses is the "amending [of] [s]ection 16.056, relating to
salaries of school personnel."  Section 4 of Senate Bill
1 provides:

Section 16.056, Texas Education Code,
as amended, is revised to read as follows:

. . . .

There follow subsections (a)-(i), which amend portions of for-
mer subsections (a)-(d), and add a number of new provisions.
The language added as subsection (f) in the regular session is
not found in any part of the amended section 16.056, or else-
where in Senate Bill 1.

In Attorney General Opinion H-788 (1976), we held that
the omission of a subsection from the revision of a section of
the Education Code acted to repeal the deleted subsection.  We
based this conclusion upon the well established principles that
"the latest expression of legislative intent supersedes its
predecessor," and that "[a]n amendment operates to repeal any
provision of the original act or section that is omitted."  Id.
at 2-3.  See State v. Easley, 404 S.W.2d 296, 300 (Tex. 1966);
State v. Andrews, 20 Tex. 230 (Tex. 1857); Commercial Standard
Fire & Marine Co. v. Comm'r of Insurance, 429 S.W.2d 930, 933
(Tex. Civ. App. -- Austin 1968, no writ).

Where an amendatory act sets out the original section as
amended in its entirety, using the phrase "to read as follows,"
and fails to reenact some part of the original or amendments
thereto, the omitted portions are considered repealed.  State
v. Andrews, supra; Texas Farm Bureau Cotton Ass'n v. Lennox,
296 S.W. 325 (Tex. Civ. App. -- Texarkana 1927, no writ);
1A Sutherland, Statutory Construction § 22.32 at 186-187 (4th
ed. 1972).

The section to be amended is clearly identified as "sec-
tion 16.056, Texas Education Code, as amended."  Section 16.056
was added to the Education Code in 1975 as a part of a compre-
hensive revision of chapter 16.  Acts 1975, 64th Leg., ch. 334,
at 877.  The only previous amendment to the section was that
enacted by section 23 of House Bill 612 in the Regular Session
of the 65th Legislature.  Thus, the reference to a revision of
section 16.056 "as amended" can only refer to that section as
amended by Acts 1977, 65th Leg., ch. 377, at 1029.  It is
generally presumed that every word in a statute is used for a
purpose.  Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593
(Tex. 1975).  While the special session amendment could have
been more specific in referring to the previous amendment, the
language used appears to refer to the sole amendment to section
16.056 in force at that time.

Finally, another rule of statutory construction supports our conclusion. The special session amendment of section 16.056 purports to be a comprehensive revision of the entire subject matter. This is indicated by the use of the term "revised" in describing what is intended to be done. It is also demonstrated by inspection of the revision and the extensive changes and additions made. The very comprehensiveness of such an act gives strong implication of a legislative intent to repeal former statutory law upon the subject. Bryan v. Sundberg, 5 Tex. 418, 424 (1849); Meek v. Wheeler County, 125 S.W.2d 331, 334 (Tex. Civ. App. -- Amarillo 1939), aff'd, 144 S.W.2d 885 (Tex. 1940); Luse v. City of Dallas, 131 S.W.2d 1079 (Tex. Civ. App. -- Dallas 1939, writ ref'd); 1A Sutherland, Statutory Construction § 23.13 at 238-239. This rule operates to repeal other statutes by implication. We believe the reason for it applies with at least equal force in the case of a previous amendment omitted in a comprehensive revision of a particular section which purports to cover the entire subject matter.

While it is possible that the omission of former subsection (f) was inadvertent, we have no basis on which to conclude that its deletion "did not indicate the intention of the Legislature to repeal that statute." Attorney General Opinion H-788 (1976) at 2. See State ex rel. Gebhardt v. Superior Court for King County, 131 P.2d 943, 949-50 (Wash. 1942). Accordingly, it is our opinion that Texas courts would probably rule that section 16.056(f) of the Education Code, as enacted by the regular session of the 65th Legislature, was repealed in the subsequent special session.

## S U M M A R Y

Texas courts would probably rule that section 16.056(f) of the Education Code, as enacted by the regular session of the 65th Legislature, was repealed in the subsequent special session.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst