Honorable Don Adams Chairman, Administration Committee The Senate of the State of Texas Austin, Texas
Re: Whether section 16.056(f) Education Code, enacted in the regular session of the 65th Legislature was repealed in the subsequent special session.
Dear Senator Adams:
You have asked whether section 16.056(f) of the Education Code, as enacted by the regular session of the 65th Legislature, was repealed in the subsequent special session.
House Bill 612, Acts 1977, 65th Leg., ch. 377, at 1029, enacted on May 29, 1977, provides, in section 23:
 Section 16.056, Texas Education Code, as amended, is amended by adding Subsection (f) to read as follows:
 `(f) In determining the placement of distributive education teachers under the Texas Public Education Compensation Plan, a year of approved work experience shall be considered equivalent to a year of teaching experience.'
House Bill 612 became effective on June 10, 1977.
On July 15, 1977, in a special session, the Legislature enacted Senate Bill 1, Acts 1977, 65th Leg., 1st C.S., ch. 1, at 11. Senate Bill 1 states that one of its purposes is the `amending [of] [s]ection 16.056, relating to salaries of school personnel.' Section 4 of Senate Bill 1 provides:
 Section 16.056, Texas Education Code, as amended, is revised to read as follows:
. . . .
 There follow subsections (a)-(i), which amend portions of former subsections (a)-(d), and add a number of new provisions. The language added as subsection (f) in the regular session is not found in any part of the amended section 16.056, or elsewhere in Senate Bill 1.
In Attorney General Opinion H-788 (1976), we held that the omission of a subsection from the revision of a section of the Education Code acted to repeal the deleted subsection. We based this conclusion upon the well established principles that `the latest expression of legislative intent supersedes its predecessor,' and that `[a]n amendment operates to repeal any provision of the original act or section that is omitted.' Id. at 2-3. See State v. Easley, 404 S.W.2d 296, 300 (Tex. 1966); State v. Andrews, 20 Tex. 230 (Tex. 1857); Commercial Standard Fire 
Marine Co. v. Comm'r of Insurance, 429 S.W.2d 930, 933
(Tex.Civ.App.-Austin 1968, no writ).
Where an amendatory act sets out the original section as amended in its entirety, using the phrase `to read as follows,' and fails to reenact some part of the original or amendments thereto, the omitted portions are considered repealed. State v. Andrews, supra; Texas Farm Bureau Cotton Ass'n v. Lennox, 296 S.W. 325
(Tex.Civ.App.-Texarkana 1927, no writ); 1A Sutherland, Statutory Construction § 22.32 at 186-187 (4th ed. 1972).
The section to be amended is clearly identified as `section 16.056, Texas Education Code, as amended.' Section 16.056 was added to the Education Code in 1975 as a part of a comprehensive revision of chapter 16. Acts 1975, 64th Leg., ch. 334, at 877. The only previous amendment to the section was that enacted by section 23 of House Bill 612 in the Regular Session of the 65th Legislature. Thus, the reference to a revision of section 16.056 `as amended' can only refer to that section as amended by Acts 1977, 65th Leg., ch. 377, at 1029. It is generally presumed that every word in a statute is used for a purpose. Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975). While the special session amendment could have been more specific in referring to the previous amendment, the language used appears to refer to the sole amendment to section 16.056 in force at that time.
Finally, another rule of statutory construction supports our conclusion. The special session amendment of section 16.056 purports to be a comprehensive revision of the entire subject matter. This is indicated by the use of the term `revised' in describing what is intended to be done. It is also demonstrated by inspection of the revision and the extensive changes and additions made. The very comprehensiveness of such an act gives strong implication of a legislative intent to repeal former statutory law upon the subject. Bryan v. Sundberg, 5 Tex. 418,424 (1849); Meek v. Wheeler County, 125 S.W.2d 331, 334
(Tex.Civ.App.-Amarillo 1939), aff'd, 144 S.W.2d 885 (Tex. 1940); Luse v. City of Dallas, 131 S.W.2d 1079 (Tex.Civ.App.-Dallas 1939, writ ref'd); 1A Sutherland, Statutory Construction § 23.13 at 238-239. This rule operates to repeal other statutes by implication. We believe the reason for it applies with at least equal force in the case of a previous amendment omitted in a comprehensive revision of a particular section which purports to cover the entire subject matter.
While it is possible that the omission of former subsection (f) was inadvertent, we have no basis on which to conclude that its deletion `did not indicate the intention of the Legislature to repeal that statute.' Attorney General Opinion H-788 (1976) at 2. See State ex rel. Gebhardt v. Superior Court for King County,131 P.2d 943, 949-50 (Wash. 1942). Accordingly, it is our opinion that Texas courts would probably rule that section 16.056(f) of the Education Code, as enacted by the regular session of the 65th Legislature, was repealed in the subsequent special session.
 SUMMARY
Texas courts would probably rule that section 16.056(f) of the Education Code, as enacted by the regular session of the 65th Legislature, was repealed in the subsequent special session.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee